J-A16016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARL K KALKBRENNER | |
| Appellant | No. 1094 WDA 2012 |

Appeal from the Judgment of Sentence January 6, 2012
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000619-2003

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                           **FILED JANUARY 14, 2015**

Karl K. Kalkbrenner appeals from the judgment of sentence imposed on January 6, 2012, and as amended on June 18, 2012, in the Venango County Court of Common Pleas.  On November 17, 2011, a jury found Kalkbrenner guilty of driving under the influence of alcohol ("DUI") (incapable of safe driving).[1]  Moreover, the court convicted him of careless driving, driving a vehicle at safe speed, and failure to keep right.[2]  The court sentenced Kalkbrenner to county imprisonment for a period of 30 days to 24 months, as well as fines, costs, and restitution.  On appeal, Kalkbrenner complains the court erred in awarding restitution and witness travel fees,

_____

[1] **See** 75 Pa.C.S. § 3731(a)(1).

[2] **See** 75 Pa.C.S. §§ 3714, 3361, and 3301, respectively.

and by failing to dismiss the summary offenses based on the statute of limitations. For the reasons set forth below, we affirm.

The trial court set forth the facts and lengthy procedural history as follows:

> [Kalkbrenner] was convicted by a jury on June 19, 2008, of Driving Under the Influence of Alcohol – General Impairment in violation of 75 Pa.C.S.A. § 3731(a)(1),[1] a Misdemeanor 2, based upon events which resulted in a motor vehicle accident on February 10, 2003. Evidence at trial established that [Kalkbrenner]'s vehicle crossed into the oncoming lane of traffic while negotiating a turn during snowy and icy road conditions. [Kalkbrenner]'s vehicle then caused a head-on collision with a van carrying eleven (11) passengers, at least seven (7) of whom suffered serious bodily injury.[2]
>
> > [1] 75 Pa.C.S.A. § 3731(a)(1) is now 75 Pa.C.S.A. § 3802(a).
> >
> > [2] Most of the passengers in the van were Amish. Some passengers declined to pursue legal action as it conflicted with various tenets of their faith. Thus, it is highly likely that more than seven (7) passengers received some bodily injury and property damage in the accident but chose not to participate in this case.
>
> [Kalkbrenner] was acquitted by the jury of seven (7) counts of Aggravated Assault by Vehicle While DUI as to the seven (7) passengers in the van, in violation of 75 Pa.C.S.A. § 3735.1(a), a Felony 2, as well as Driving Under the Influence of Alcohol, in violation of 75 Pa.C.S.A. § 3731(a)(4),[3] a Misdemeanor 2. The court found [Kalkbrenner] guilty of the following Summary Offenses: Careless Driving, in violation of 75 Pa.C.S.A. §3714; Driving a Vehicle at Safe Speed in violation of 75 Pa.C.S.A. § 3361, and Failure to Keep Right, in violation of 75 Pa.C.S.A. § 3301(a). The court found [Kalkbrenner] not guilty of Failure to Use Safety Belt System, in violation of 75 Pa.C.S.A. [§] 4581(a)(2).

- 2 -

[3] 75 Pa.C.S.A. § 3731(a)(4) is now 75 Pa.C.S.A. § 3802(b).

On September 2, 2008, this court sentenced [Kalkbrenner] to ninety (90) days of imprisonment, the first thirty (30) days to be served incarcerated in the Venango County Jail, and the remaining sixty (60) days to be served on house arrest/electronic monitoring. This court also imposed fines, costs, and fees in connection with the vehicle code violations, as well as restitution, due to the injuries [Kalkbrenner] caused to the seven (7) victims as the result of the accident when [Kalkbrenner]'s vehicle crossed over into oncoming traffic and collided with the passenger van. The aggregate restitution amount ordered amounted to $128,403.05.[4]

[4] The Sentencing Order lists the amount owed to each individual victim in this case, as identified by claim numbers.

On September 11, 2008, [Kalkbrenner] filed consolidated Post Sentence Motions for Relief which were granted in part and denied in part in our Opinion and Order of Court dated January 8, 2009. [Kalkbrenner] filed his Notice of Appeal on February 5, 2009. This court received the Concise Statement on February 25, 2009, and we issued our [Pa.R.A.P.] 1925(a) Opinion on April 15, 2009. Subsequently, the Superior Court, in its opinion dated November 3, 2010, reversed judgment of sentence and remanded for a new trial.

On November 17, 2011, [Kalkbrenner] was tried again and found guilty of one (1) count of Driving Under the Influence of Alcohol/Incapable of Safe Driving, in violation of 75 Pa.C.S.A. § 3731(a)(1), a Misdemeanor 2; one (1) count of Careless Driving, in violation of 75 Pa.C.S.A. § 3714, a Summary Offense; one (1) count of Driving a Vehicle at Safe Speed, in violation of 75 Pa.C.S.A. § 3361, a Summary Offense; and one (1) count of Failure to Keep Right, in violation of 75 Pa.C.S.A. § 3301, a Summary Offense. Subsequently, [Kalkbrenner] was sentenced on January 6, 2012. In our Sentence and Order of Court, [Kalkbrenner] was sentenced to fines, costs, and restitution.[5]

[5] The breakdown of individual restitution amounts is itemized in our Sentence and Order of Court dated January 6, 2012.

On January 17, 2012, [Kalkbrenner] filed Post Sentence Motions and a hearing was subsequently scheduled for February 9, 2012, but was later continued to April 30, 2012.[6] In the meantime, [Kalkbrenner] filed a Supplemental Post Sentence Motion on March 29, 2012, which was followed by a Second Supplemental Post Sentence Motion filed on April 3, 2012. [An evidentiary hearing was held on April 30, 2012.] Defense counsel further filed a Memorandum of Corrections [that same day].[7] By Order of Court dated June 18, 2012, we amended our Sentence and Order of Court dated January 6, 2012. [Kalkbrenner] filed his Notice of Appeal on July 11, 2012. That same day, [Kalkbrenner] was directed to file with this court a Concise Statement of Errors Complained of on Appeal in accordance with Pa.R.A.P. 1925. The present Concise Statement was filed on July 31, 2012.[8]

[6] We issued an Order of Court dated February 1, 2012, scheduling a Restitution Hearing for March 29, 2012. Subsequently, the court was informed of the unavailability of the victims on that day, therefore we continued the hearing until July 6, 2012, by Order of Court dated March 29, 2012. Later that day[,] we vacated the Order scheduling the restitution hearing, preferring instead to hear arguments on restitution along with the other issues raised in [Kalkbrenner]'s Post Sentence Motions for Relief, which was then scheduled for April 30, 2012.

[7] Defense counsel's filing was actually titled "Memorandum and Summary of Corrections, Alterations, and Fixes to be made to Restitution, Fees and Costs."

[8] The Commonwealth also appealed to Superior Court our Order of Court dated June 18, 2012. The Commonwealth was directed to file its Concise Statement by Order of Court dated July 23, 2012, which was subsequently done on August 13, 2012. The Commonwealth's appeal was later dismissed for failure to comply with Pa.R.A.P. 3517, in a *Per Curiam* Order by the Superior Court dated September 17, 2012.

Trial Court Opinion, 11/13/2012, at 1-3.

For purposes of this appeal, we will set forth the January 6, 2012 judgment of sentence, and the June 18, 2012, amended sentence. In the January 6th judgment, the court stated, in relevant part:

AND NOW, this 6th day of January 2012, the SENTENCE and ORDER of Court on Count 1, Driving Under the Influence of Alcohol/Incapable of Safe Driving, in violation of 75 Pa.C.S.A. § 3731(a)(1), a Misdemeanor 2, is that you, Karl K. Kalkbrenner, Defendant, pay [a] fine of $700.00, **pay the costs of prosecution** and all other costs, pay an additional mandatory cost of $100.00 pursuant to 18 Pa.C.S.A. § 7508.1(c), and make restitution payable to the Clerk of Courts, Venango County Courthouse, Franklin, Pennsylvania, 16323, in the amount of $57,603.70 for the use of **Donald Seeley** …; and in the amount of $354.84 for the use of **Peter Leslein** …; in the amount of $3,732.00 for the use of **Lester Byler** …; and in the amount of $435.00 for the use of **Jeremiah Miller** …; and in the amount of $600.00 for the use of **Henry Byler** …; and in the amount of $142.00 for the use of **Alton Miller** …; and in the amount of $5,741.05 for the use of **Amos Lee** …; and in the aggregate amount of $59,794.46 for the use of **The Crime Victims Compensation Fund**, specifically claim #200303557 in the amount of $8,995.44; claim #200303562 in the amount of $516.14; claim #200303563 in the amount of $11,889.15; claim #200303564 in the amount of $406.04; claim #200303565 in the amount of $2,987.69; claim #200303569 in the amount of $35,000.00, P.O. Box 1167, Harrisburg, Pennsylvania 17108-1167, (the aggregate total of restitution ordered is $128,403.05), and undergo an imprisonment in the VENANGO COUNTY JAIL for and during the period of not less than THIRTY (30) DAYS, and not more than TWENTY-FOUR (24) MONTHS LESS ONE DAY, to be computed from today's date, at the Jail to be kept, fed, clothed, and treated as the law directs, and stand committed to the custody of the Warden that sentence may be carried into execution.

Sentence, 1/6/2012, at 1-2 (some emphases removed and some emphases added).[3]

In the June 18, 2012, amended sentencing order, the court stated, in relevant part:

> **Under 18 Pa.C.S.A. § 1106 and 42 Pa.C.S.A. § 9721, the Court is mandated to impose restitution upon a defendant convicted for a crime that results in the victim sustaining injury from the defendant's criminal act**. Therefore, our Sentence and Order of Court dated January 6, 2012, remains in effect with the following changes. As the Crimes Victims Compensation Fund received $16,009.47, under its right of subrogation, the aggregate amount of $59,794.46 [Kalkbrenner] was ordered to pay to the Crime Victims Compensation Fun is reduced to $43,784.99. The individual people referenced in our previously referenced Order of Court, to whom [Kalkbrenner] shall make restitution payments, also stays in effect. **Any releases signed due to settlements in civil cases against the defendant do not serve to offset restitution requirements**. *See Commonwealth v. Pleger*, 934 A.2d 715, 720-721 (Pa. Super. Ct. 2007). In addition, as [Kalkbrenner] was successful in an appeal to the Superior Court at Docket Number 182 WDA 2009, pursuant to Pa.R.A.P. 2741(3), 2742, 2743, and 2771, he is entitled to all allowable costs, totaling $230.92. Said costs to be credited against the outstanding cost owed in the above captioned case by [Kalkbrenner]. Furthermore, the reduction in the billed amount from Dr. Vey to $2,500.00, in our Order of Court dated September 17, 2008, remains.
>
> At the time of sentencing, the Court imposed restitution regarding the victim, Donald Seeley, in the aggregate amount of $57,603.70. The Commonwealth did not supply any breakdown of this total and it is the understanding of the Court that this amount reflected the medical bills incurred by Donald Seeley.

_____

[3] The court also ordered Kalkbrenner to pay a fine of $25.00 for each of his summary convictions, careless driving, driving a vehicle at a safe speed, and failure to keep right.

> **As all of these bills were discharged in bankruptcy filed by Donald Seeley, the Court hereby reduces the restitution ordered to Donald Seeley by $57,603.70, leaving a $0.00 balance due.**
>
> …
>
> Therefore, [Kalkbrenner]'s Post-Sentence Motions for Relief filed January 17, 2012, as well as [Kalkbrenner]'s Second Supplement to Post Sentence Motion filed April 3, 2012, are, hereby, GRANTED in part and DENIED in part. The Clerk of Courts is directed to amend the restitution ordered to reflect the $0.00 balance due to Donald Seeley, $43,784.99, to the Crime Victims Compensation Fund, for a total aggregate restitution order of $54,789.88. Additionally, the Clerk of Courts is directed to credit [Kalkbrenner] with $230.92 towards cost in this case. All other amounts contained in the Sentence Order of Court dated January 6, 2012, remain as previously set.

Order of Court, 6/18/2012, at 1-3 (emphases added). We now turn to the merits of Kalkbrenner's claims.

In his first argument, Kalkbrenner complains the court committed an error of law when it ordered him to pay restitution to several named victims and to the Pennsylvania Crime Victims Compensation Fund. **_See_** Kalkbrenner's Brief at 14. Specifically, he asserts restitution was not appropriate because there is "no direct link between the injuries suffered and the sole criminal count for which [Kalkbrenner] was convicted." **_Id._** Relying on **_Commonwealth v. Cooper_**, 466 A.2d 195 (Pa. Super. 1983), Kalkbrenner argues that since he was found guilty of DUI, and not guilty of

aggravated assault by vehicle,[4] the jury did not "find any negligence attributable to" him. *Id.* at 17.[5] Moreover, he states, "The jury clearly saw that what happened was an accident, caused by deplorable road conditions and fate. [Kalkbrenner] did not cause the accident and was found not guilty of causing the accident." *Id.* at 17-18 (some capitalization removed). Additionally, Kalkbrenner argues that because several of the victims were not wearing seatbelts when the accident occurred, the court should apportion the damages due to the fact that "criminal misconduct was not [the] sole cause of the victims' injuries." *Id.* at 18.

With respect to Kalkbrenner's causation argument, his challenge concerns the legality of the sentence because he assails the trial court's authority to impose restitution.

> In the context of criminal proceedings, an order of "restitution is not simply an award of damages, but, rather, a sentence." *Commonwealth v. C.L.*, 2008 PA Super 286, 963 A.2d 489, 494 (Pa. Super. 2008) (citation omitted). An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. *Commonwealth v. Redman*, 2004 PA Super 473, 864 A.2d 566, 569 (Pa. Super. 2004), *appeal denied*, 583 Pa. 661, 875 A.2d 1074 (2005). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary."

_____

[4] 75 Pa.C.S. § 3735.1.

[5] It merits mention that at Kalkbrenner's second trial, the only charge on the verdict slip for jury deliberation was DUI. *See* Verdict, 11/17/2011.

- 8 -

> *Commonwealth v. Hughes*, 2009 PA Super 240, 986 A.2d
> 159, 160 (Pa. Super. 2009) (citation omitted).

*Commonwealth v. Atanasio*, 997 A.2d 1181, 1182-1183 (Pa. Super. 2010).

"In Pennsylvania restitution can be imposed either as a condition of probation or as a direct sentence." *Commonwealth v. Fuqua*, 407 A.2d 24, 26 (Pa. Super. 1979) (footnote omitted). Here, the order of restitution was a direct sentence imposed by the authority of Section 1106 of the Pennsylvania Crimes Code and Section 9721 of the Pennsylvania Sentencing Code. *See* Order of Court, 6/18/2012, at 1.

> Section 1106 provides, in pertinent part:
>
> (a) General rule. -- Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106(a). Section 9721 states, in relevant part:

> (c) Mandatory restitution. -- In addition to the alternatives set forth in subsection (a) of this section the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained. For purposes of this subsection, the term "victim" shall be as defined in section 479.1 of the act of April 9, 1929 (P.L.177, No.175), known as The Administrative Code of 1929.

42 Pa.C.S. § 9721(c).

The Pennsylvania Supreme Court has previously held Section 1106 "is clear on its face and applies only for those crimes to property or person

- 9 -

where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." *Commonwealth v. Barger*, 956 A.2d 458, 465 (Pa. Super. 2008), *citing* *Commonwealth v. Harner*, 617 A.2d 702, 704 (Pa. 1992). Therefore, restitution is a proper sentence only if there is a "direct causal connection between the crime and the loss." *Commonwealth v. Harriott*, 919 A.2d 234, 238 (Pa. Super. 2007) (citation omitted), *appeal denied*, 934 A.2d 72 (Pa. 2007). *See also Commonwealth v. Oree*, 911 A.2d 169, 174 (Pa. Super. 2006) (courts utilize a "but for" test in calculating damages which occurred as a direct result of the crime), *appeal denied*, 918 A.2d 744 (Pa. 2007).

Contrary to Kalkbrenner's argument, this Court has made clear that restitution for a DUI-alcohol conviction may be imposed as part of the judgment of sentence where there is an explicit finding by the trial court that damage occurred as the direct result of the crime of DUI-alcohol related **or** where the record clearly implies that the damage occurred as a direct result of the crime of DUI. *See Fuqua, supra*; *Commonwealth v. Walker*, 666 A.2d 301 (Pa. Super. 1995), *appeal denied*, 680 A.2d 1161 (Pa. 1996).

In **Fuqua**, the defendant lost control of his car and crashed into the victim's house. He was found guilty of DUI, following a non-jury trial during which he denied being intoxicated and testified that he had not crashed into the home. The judge convicted the defendant of DUI and sentenced him to

one year of probation. The judge also ordered him to make restitution to the victim. *Fuqua*, 407 A.2d at 25. The defendant argued the record did not support the order of restitution because the court failed to make a specific finding that the property damage sustained by the victim was a direct result of the defendant's crime of DUI. *Id.* at 27-28. On appeal, this Court affirmed the sentence, holding:

> Our own review of the record discloses that the court below did indeed fail to make such a finding on the record. Normally, where the lower court fails to support its sentence on the record, we will vacate the sentence and remand for resentencing. *See Commonwealth v. Riggins*, *supra*; *Commonwealth v. Wertz*, 252 Pa.Super. 584, 384 A.2d 933 (1978). In this case, however, the evidence is clear that the order of restitution was for the damages to the [victim's] house; the lower court did find that [the defendant] did in fact collide with the house and cause the damage to the front porch and foundation. While the lower court should have specifically found that this damage was a direct result of [the defendant]'s crime of driving while under the influence, to remand for resentencing would be a useless procedural exercise. The missing specific finding is unmistakeably [sic] implied in the findings that the court did make.

*Id.* at 28.

In *Walker*, the defendant pled guilty to two counts of DUI. The charges arose from a two-car collision in which two occupants of the other vehicle were severely injured. The defendant was ordered to pay restitution as a part of his sentence. On appeal, he argued, in pertinent part, that "restitution is not proper where there is insufficient evidence that the victim's injuries directly resulted from the crime[.]" *Walker*, 666 A.2d at 307. Finding *Fuqua* controlling, a panel of this Court concluded:

Although the evidence relied upon by the trial court did not arise during trial because of [the defendant]'s guilty plea, nevertheless, in language quoted *supra* at the sentencing hearing, the court found that [the defendant]'s driving while under the influence was a substantial factor in causing the injuries to the victims. Just as this finding of causation supports the sentencing court's decision to apply the enhanced sentencing guideline, it likewise supports the court's decision to impose restitution.

*Id.* at 309 (citation omitted).

Turning to the present matter, the trial court stated in its June 18, 2012 amended sentencing order, "Under 18 Pa.C.S.A. § 1106 and 42 Pa.C.S.A. § 9721, the Court is mandated to impose restitution upon a defendant convicted for a crime that results in the victim sustaining injury from the defendant's criminal act. Therefore, our Sentence and Order of Court dated January 6, 2012, remains in effect[.]" Order of Court, 6/18/2012, at 1. In its Rule 1925(a) opinion, the court further explained:

We note that we addressed the issue of imposing restitution upon [Kalkbrenner] … in our Opinion and Order of Court dated January 8, 2009. We are cognizant of the fact that [Kalkbrenner] was awarded a retrial, yet the jury verdict on November 17, 2011, in the retrial resulted in a verdict of guilty as to Driving Under the Influence of Alcohol/Incapable of Safe Driving, in violation of 75 Pa.C.S.A. § 3731(a)(1), a Misdemeanor 2. The court's rationale in awarding restitution remains the same as it was when we set forth our reasoning in our Opinion of January 8, 2009:

[Kalkbrenner] argues that the [c]ourt improperly imposed restitution for the injuries he caused to seven victims in the van he collided with in the oncoming lane of traffic …. Restitution may be imposed by the sentencing court where the defendant is convicted of DUI – General Impairment and it is impossible to separate the defendant's

- 12 -

drunk driving from the injuries resulting to the victims. ***Commonwealth v. Walker***, 446 Pa. Super. 43, 55-56, 666 A.2d 301, 307-308 (1995) (citing ***Commonwealth v. Fuqua***, 267 Pa. Super. 504, 407 A.2d 24 (1979)). [Kalkbrenner] was convicted of DUI – General Impairment, and the facts of this case show that [Kalkbrenner]'s impaired condition was a significant and substantial cause of the property damages and personal injuries to the innocent victims in this case.[10] …

***Commonwealth v. Kalkbrenner*** at C.R. No. 619-2003, Order and Opinion of Court, dated January 8, 2009.

[10] While we quote from our Opinion dated January 8, 2009, denying [Kalkbrenner]'s Post-Sentence Motions, we find it instrumental to note it was adduced during the retrial that [Kalkbrenner]'s judgment was affected due to his consumption of alcohol and was a contributory factor to his losing control of his vehicle and the ensuing crash. See N.T., Jury Trial Day 2, Motion for Mistrial by Defendant and Curative Instruction, pp. 1-3.

We find no fault in our prior rationale; in fact, that same rationale was at work in our Sentence and Order of Court dated January 6, 2012, following the retrial.

Trial Court Opinion, 11/13/2012, at 5-6.

We agree with the court's analysis and its finding that ***Fuqua*** and ***Walker*** are applicable to the present matter. Although Kalkbrenner was acquitted of aggravated assault by vehicle while DUI, the jury did convict him of DUI (incapable of safe driving). Furthermore, the court found him guilty of careless driving, driving a vehicle at safe speed, and failure to keep right. In ordering restitution, even though the trial court's sentencing order does not include an explicit finding that the injuries to the victims were the

direct result of Kalkbrenner's DUI conviction, the court explained in its Rule 1925(a) opinion that Kalkbrenner's act of DUI could not be separated from the injuries suffered by the multiple victims.[6] **See Fuqua**. Therefore, we determine the court did not err in concluding that but-for Kalkbrenner's actions on the night in question, the damage to the other vehicle, and the injuries suffered by the victims, would not have occurred. **See Fuqua**, **supra**; **Walker**, **supra**.

Furthermore, we reject Kalkbrenner's reliance on **Cooper**, **supra**, as it is distinguishable from the present matter. In **Cooper**, the appellant was driving when he struck and killed a young boy riding a bicycle. **Cooper**, 466 A.2d at 196. The appellant pled guilty to a lesser included offense of leaving

---

[6] We note that while the certified record contains notes of testimony from the second day of trial, **see** N.T., 11/15/2011 (motion for mistrial by defense and curative instruction), it does not include trial transcripts from the first day of trial on November 14, 2011 and the last day on November 17, 2011. Based on this Court's inquiry, these transcripts were not requested by counsel and therefore, they were not made available at the trial court level. "[W]e can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'" **Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008), *quoting* **Commonwealth v. O'Black**, 897 A.2d 1234, 1240 (Pa. Super. 2006). Moreover, "it is the appellant's burden to ensure that the certified record is complete." **Commonwealth v. Landis**, 89 A.3d 694, 698 n.5 (Pa. Super. 2014), *citing* Pa.R.A.P. 1921. Therefore, Kalkbrenner has waived any challenge to the court's factual findings. **See B.D.G.**, 959 A.2d at 373 (claim waived for failure to include relevant document in certified record).

the scene of a fatal accident.[7]   A panel of this Court vacated the restitution order because "the death of the victim stemmed from the collision itself, not appellant's act of leaving the scene of the accident, and appellant was not charged or convicted of any crime holding him criminally responsible for having struck and killed the victim."   **Cooper**, 466 A.2d at 197.   As this Court explained in **Walker**, **supra**:

> Support for the **Cooper** holding is found in [**Commonwealth v. Harner**, 617 A.2d 702 (Pa. 1992)], a case in which a wife was ordered to pay restitution to her ex-husband for expenses he incurred tracking down and reclaiming his children, after wife violated a custody order and removed the children from her ex-husband's home.   In finding that wife could not be ordered to pay restitution, the **Harner** court stated:
>
>> Because this section [§ 1106] imposes restitution as part of a sentence, its penal character must not be overlooked and it would seem to us that restitution can be permitted under 18 Pa.C.S. § 1106 only as to losses for which the defendant has been held criminally accountable.   This is in keeping with the well established principle that criminal statutes must be strictly construed....
>>
>> In fact, the very words of the statute provide that it is applicable only upon conviction for a crime wherein property has been stolen, converted, unlawfully obtained or its value substantially decreased, or where the victim suffers personal injury directly resulting from a crime.   No such crime has been committed here by Appellant.   Unless the incidental costs Mr. Harner expended to locate his children have been made part of a criminal proceeding for which Appellant was convicted, it seems dubious to us that due process would permit a court to determine that these are losses that can be passed on to Appellant, as a

---

[7]   **See** 75 Pa.C.S. § 3744.

sentence, under a theory that they flowed as a direct result of the crime for which Appellant was convicted.

... [The Superior Court and the Commonwealth argue for] a strained reading of an otherwise straightforward statute which is directed at giving the trial court the ability to sentence a defendant for the damage caused by him in the commission of a crime. Thus, **where one steals an automobile valued at $15,000 and during a high speed chase is involved in a wreck which damages the auto, reducing its value to $5,000, it would be appropriate, in addition to incarceration, upon conviction for theft, to require the defendant to pay the victim $10,000 for the loss of value to the auto. It is impossible to separate the actions of the theft from the damage done to the car and in this sense the decrease in value to the car is a direct result of the crime.**

*Walker*, 666 A.2d at 309-310 (some citations omitted; emphasis added).

Both *Cooper* and *Harner* are distinguishable from the present matter as the defendants could not be considered criminally responsible for the identified harm based on their specific convictions. Rather, the facts in the present matter are analogous to the high speed wreck example set forth in *Harner*. It is impossible to separate Kalkbrenner's act of driving under influence from the damage done during the accident. Accordingly, we find no error in the court's restitution sentence as the record supports a finding that there was a causal connection between the crimes Kalkbrenner was convicted of and the resulting damages to the victims.

With respect to Kalkbrenner's apportionment argument, we note that as a general rule, challenges concerning the amount of restitution awarded involve the discretionary aspects of sentencing. *In the Interest of M.W.*,

725 A.2d 729, 731, n.4 (Pa. 1999). It appears that apportionment in restitution matters implicates the discretionary aspects of sentencing since it concerns the amount, rather than the court's authority to impose such a sentence.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008), *appeal denied*, 980 A.2d 607 (Pa. 2009). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine whether:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations, and modifications omitted).

Here, a review of the record reveals that Kalkbrenner did not raise the issue in either his January 17, 2012 post-sentence motion or April 3, 2012 second supplement to post sentence motions, or at the April 30, 2012,

restitution hearing.[8]   Moreover, he did not include a Rule 2119(f) concise statement in his brief.   Therefore, the issue has been waived for appellate purposes.   *See* Pa.R.A.P. 302(a) (stating that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Next, Kalkbrenner argues the court erred in awarding restitution because "[e]very individual who was awarded restitution signed a release." Kalkbrenner's Brief at 19.   Moreover, he contends the court erred in relying on *Commonwealth v. Pleger*, 934 A.2d 715 (Pa. Super. 2007), which he states "was wrongly decided and unworthy of *stare decisis*."   *Id.*   To support this argument, Kalkbrenner points to the following alleged errors in *Pleger*: (1) the application of a civil release in a criminal proceeding was not the main issue in the case, and therefore, the parties and the trial court did not properly analyze the issue; (2) the decision cited no Pennsylvania precedent to support its conclusion; (3) the court improperly held that a restitution order did not create a creditor-debtor relationship between the victim and

---

[8]   It bears remarking that Kalkbrenner did raise the same issue in his September 11, 2008, post-sentence motion.  However, he did not renew this argument after the matter was remanded by a panel of this Court for a new trial, and the trial court imposed its January 6, 2012 judgment of sentence, and June 18, 2012, amended sentence.  *See Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa. Super. 2013) (defendant waived issues where he did not raise any of the arguments regarding the trial court's exercise of its discretion in granting the Commonwealth's motion or in fashioning his second sentence).

the offender because statutory authority[9] did create such a relationship; and (4) the court failed to consider the ramifications and injustices which will result by ignoring civil releases. *Id.* at 20-22. Lastly, Kalkbrenner complains that even if *Pleger* was properly decided, it cannot be retroactively applied to the releases at issue, which were executed in 2003 before *Pleger* was decided in 2007. *Id.* at 23-25.

We disagree. First, we emphasize the following: An order of restitution "constitutes a 'constructive tool[] in the criminal justice jurisprudence.'" *Fuqua*, 407 A.2d at 25 (citation omitted). "The primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's personal injury and that it is his responsibility to repair the injury as far as possible." *Commonwealth v. Keenan*, 853 A.2d 381, 382-383 (Pa. Super. 2004) (citation omitted). "In determining the amount of restitution to be ordered, a sentencing court

_____

[9] Specifically, 42 Pa.C.S. § 9728(b)(1), which sets forth the procedure for collecting restitution, as follows:

> (1) The county clerk of courts shall, upon sentencing, pretrial disposition or other order, transmit to the prothonotary certified copies of all judgments for restitution, reparation, fees, costs, fines and penalties which, in the aggregate, exceed $ 1,000, and it shall be the duty of each prothonotary to enter and docket the same of record in his office and to index the same as judgments are indexed, without requiring the payment of costs as a condition precedent to the entry thereof.

*Id.*

must consider three factors: the loss or damage directly caused by the defendant's criminal act, the amount of restitution he can afford to pay, and the method by which he should pay it." **Commonwealth v. Reed**, 543 A.2d 587, 589 (Pa. Super. 1988) (citation omitted). As such, restitution is focused on the defendant, and the victim is secondary.[10]

Second, to the extent Kalkbrenner asks this Court to ignore **Pleger** or overrule the case, we cannot do so. **See Commonwealth v. Prout**, 814 A.2d 693, 695 n.2 (Pa. Super. 2002) (*per curiam*) (stating Superior Court is constitutionally bound by prior Superior Court panel decisions). Moreover, with respect to his retroactivity issue, we note "the general rule in Pennsylvania is to apply the law in effect at the time of the appellate decision." **Commonwealth v. Housman**, 986 A.2d 822, 840 (Pa. 2009). Here, Kalkbrenner asks this Court to look back to when the parties signed the release in 2003 rather than when the trial court imposed the sentence of restitution in 2012. We decline to so.[11] Therefore, we turn our attention to the trial court's application of **Pleger**.

_____

[10] The sentencing judge went to great lengths, both at the sentencing hearing and the subsequent restitution hearing to determine the appropriate amount of restitution and to insure there was no duplication based on amounts paid from The Crime Victims Compensation Fund.

[11] Furthermore, we note Section 1106 provides, in relevant part: "The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay

*(Footnote Continued Next Page)*

- 20 -

In **Pleger**, prior to sentencing, the victim accepted a settlement from the defendant, through his insurance carrier. At sentencing, the trial court found the victim signed a general release, relieving the defendant of all claims. The "court essentially reasoned that, because of the settlement and release, the court could not consider ordering restitution." **Pleger**, 934 A.2d at 719. On appeal, a panel this Court noted that "[i]t is true that restitution helps the victim, but this fact is secondary to the reality that restitution is an aspect of sentencing imposed by a court on an offender in order to facilitate the administration of criminal justice." **Id.** at 720. Moreover, this Court determined "[t]he victim could no more release [the defendant] from a potential sentence of restitution than from a potential sentence of incarceration," and concluded that "in determining what restitution was to be imposed as part of [the defendant's] sentence, the general release and the settlement amount were irrelevant." **Id.** The panel held:

> [T]he court was required, pursuant to the aforesaid statutes and caselaw, to consider fully the request for restitution presented by the district attorney's office, to evaluate that request in a manner consistent with 18 Pa.C.S.A. § 1106 and 42 Pa.C.S.A. § 9721(c), to arrive at the full amount of restitution due, and then to issue an appropriate order requiring full restitution as an aspect of [the defendant]'s sentence.

**Id.** at 720-721.

_(Footnote Continued)_ ————————————

any restitution ordered for loss previously compensated by an insurance company to the insurance company."  18 Pa.C.S. § 1106(c)(1)(i).

Here, we conclude that, in accordance with *Pleger*, which we are bound by, the trial court did not err in failing to apply the release agreements between the victims and Kalkbrenner when imposing the order of restitution. *See* Trial Court Opinion, 11/13/2012, at 7. Accordingly, Kalkbrenner's second argument lacks merit.

In his third argument, Kalkbrenner baldly asserts the court erred in ordering, as part of his sentencing, that he pay for certain costs of prosecution, specifically, the full price of gasoline and travel expenses of its witnesses. Kalkbrenner's Brief at 26. Kalkbrenner states that pursuant to 42 Pa.C.S. § 5903(c), a witness may only be compensated seven cents per mile. *Id.* Moreover, he contends Section 5903(c) should be interpreted to limit the amount a Commonwealth witness may be compensated for travel expenses. *Id.*

Initially, we note that 16 P.S. § 1403 governs the Commonwealth's ability to recover the expenses of a successful prosecution from a defendant. It provides:

### § 1403. Expenses incurred by district attorney

All necessary expenses incurred by the district attorney or his assistants or any office directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

- 22 -

16 P.S. § 1403.[12]

Section 5903, upon which Kalkbrenner relies, is limited in scope to "a witness served with a subpoena to testify before any government unit[13] (except the minor judiciary) or before the Philadelphia Municipal Court." 42 Pa.C.S. § 5903(a). Moreover, it states those applicable witnesses shall be paid $5.00 per day and "shall be paid mileage at the rate of 7 cent(s) for each mile circular actually and necessarily travelled between the place named in the subpoena and the place of residence of the witness." 42 Pa.C.S. § 5903(b-c).

Kalkbrenner's argument is flawed for numerous reasons. First, he fails to explain how Section 5903 interrelates to Section 1403 in determining costs of prosecution or if it ever applies to judicial proceedings.[14] Second, he does not identify which, if any, witnesses were subpoenaed that would necessitate review pursuant to Section 5903. Third, he does not point to which cost in the Commonwealth's bill of expenses were attributable to those witnesses. Moreover, as the trial court noted:

---

[12] "The purpose of the statute is to recoup the costs of trial where a jury finds the defendant guilty beyond a reasonable doubt[.]" **Commonwealth v. Coder**, 415 A.2d 406, 408 (Pa. 1980).

[13] The statute does not define "government unit."

[14] This is the first time Kalkbrenner raises the argument concerning the application of Section 5903. **See** Pa.R.A.P. 302(a).

We mention … that [Kalkbrenner] claims as error the costs imposed on him. He cites as an example of such costs the bill submitted by Dr. Eric Vey.[15] We note that we previously reduced the billed amount from Dr. Vey in our Order of Court dated September 17, 2008, and we see no need to disturb our ruling in that matter or the other costs allocated to [Kalkbrenner], as previously set out in our Orders of September 17, 2008[16] and June 18, 2012,[17] respectively.

**See** Trial Court Opinion, 11/13/2012, at 7. Accordingly, we are not persuaded by Kalkbrenner's argument and conclude the issue lacks merit.

In Kalkbrenner's fourth claim, he contends the court erred in failing to dismiss his three summary convictions for careless driving, driving at safe speed, and failure to keep right because the crimes were not filed within 30 days as required by 42 Pa.C.S. § 5553(a). He notes the offenses occurred on February 10, 2003, and the police criminal complaint was filed past that time limit on May 1, 2003. Moreover, Kalkbrenner complains the offenses

_____

[15] Kalkbrenner did not identify Dr. Vey in his appellate brief.

[16] In the September 17, 2008, order, the court granted certain costs and declined to assess certain costs as follows: (1) Dr. Vey was entitled to $2,500.00; (2) Craig Westover was entitled to $250.00 for service of subpoenas; (3) Dr. Gailey was not entitled to recover a fee; (4) Dr. Woods was not entitled to recover a fee; (5) all other costs listed remained. **See** Order of Court, 9/17/2008, at 1. These adjustments were made at the request of Kalkbrenner's counsel at the sentencing hearing. **See** N.T., 9/2/2008, at 61, 63-64.

[17] In the June 18, 2012, order, the court stated, in pertinent part: (1) because Kalkbrenner was successful in his appeal at Docket Number 182 WDA 2009, he was entitled to allowable costs, totaling $230.92, pursuant to Pa.R.A.P. 2741(3), 2742, 2743, and 2771; and (2) the reduction in the billed amount from Dr. Vey to $2,500.00 remained. **See** Order of Court, 6/18/2012, at 2.

should have been dismissed because they were not disposed of within three years as required by 42 Pa.C.S. § 5553(e).

Section 5553 states, in pertinent part:

(a) *General rule.* --Except as provided in subsection (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter.

…

(e) *Disposition of proceedings within three years.* --No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to three years after the commission of the offense.

42 Pa.C.S. § 5553 (a, e).

Here, the trial court found the following:

As we stated in our Opinion of Court dated January 8, 2009, disposing of [Kalkbrenner]'s Post Sentence Motions for Relief:

… [B]ased upon the law at the time of these offenses, February 10, 2003, these summary offenses were properly joined in this case, even though they were filed more than thirty days after their occurrence. In *Commonwealth v. Kline*, the court explained that [t]he Rules of Criminal Procedure for summary cases contemplate that ordinarily citations for summary offense will be issued by law enforcement officers and handed to the defendant at the time the offense [was] committed. [citation omitted]. However, the rules also state that in cases which involve both summary offenses and "court cases" (i.e., misdemeanor, felony, or murder charges), the summary offenses, if known at the time, "shall be charged in the same complaint as the higher offenses and shall be disposed of as part of the course case." [citation omitted]

> … In the present case, the Police Criminal Complaint, dated April 30, 2003, charges [Kalkbrenner] with all the summary offenses, along with the court cases. All of these charges were disposed of in the same case. Thus, the statute of limitations for the summary offense did not expire.

*Commonwealth v. Kalkbrenner* at C.R. No. 619-2003, Order and Opinion of Court, dated January 8, 2009 (quoting *Commonwealth v. Kline*, 592 A.2d 730 (Pa. Super. Ct. 1991) at fn. 1).

We believe this adequately disposes of [Kalkbrenner]'s claim insofar as he asserts the summary offenses should have been dismissed for noncompliance [within] the thirty (30) day requirement.

In a related claim, [Kalkbrenner] also asserts that the summary offenses necessitate dismissal for they were not fully disposed of within two years as required by 42 Pa.C.S.A. § 5553(e) ("§ 5553").[11] However, [Kalkbrenner]'s position is untenable given the fact that this case has been the subject of prolific motion filings by [Kalkbrenner], as well as frequent appeals to Superior Court by both the Commonwealth and [Kalkbrenner] in this protracted case. This case has literally dragged on for more than nine years since summons were issued to [Kalkbrenner] on May 1, 2003, for the accident which occurred on February 10, 2003. Appeals to the Superior Court over various issues were taken on April 1, 2005,[12] February 5, 2009,[13] and July 11, 2012.[14] Pursuant to Pa.R.A.P. 1701(a), when an appeal is taken, neither the trial court or other government unit may proceed further in the matter under appeal until a decision has been made in the matter appealed of by the appellate court. [Kalkbrenner] asserts the summary offenses were not fully disposed of within the statutory timeframe under § 5553, yet [Kalkbrenner] fails to take note of the lengthy appellate process that, more often than not, was due to appeals filed on his behalf. Thus, any action this court might have wanted to take to dispose of the summary offenses was stayed during the pendency of [Kalkbrenner]'s numerous appeals over the course of this protracted case pursuant to the Rules of Appellate Procedure. Thus, we find no merit to [Kalkbrenner]'s claim in this matter.

[11] The timeframe under 42 Pa.C.S.A. § 5553(e) was subsequently enlarged to three years, but we deal with the statutory scheme as it existed at the time of the commission of the offenses on February 10, 2003.

[12] The Superior Court issued its decision on this appeal on December 29, 2005. Subsequently, the Superior Court denied a request for reargument or reconsideration filed on January 10, 2006 by the parties in their Order dated March 10, 2006. This decision was then appealed to the Supreme Court on August 4, 2006, which was ultimately denied by Supreme Court Order dated August 24, 2006.

[13] This appeal was taken after the trial court imposed sentence on [Kalkbrenner] by Sentence and Order of Court dated September 2, 2008, and subsequent Post-Sentence Motions for Relief filed on September 11, 2008 were denied. The Superior Court then reversed and remanded for a new trial by Order dated November 3, 2010. At one point, the record reflects that the Supreme Court denied a Petition for Allowance of Appeal in a *Per Curiam* Order dated March 16, 2011.

[14] This appeal was taken after the jury verdict of guilty on November 17, 2011, and the subsequent sentencing imposed by the court on January 6, 2012. Post Sentence Motions for Relief were filed, as well as Supplemental Post Sentence Motions, both of which were ultimately denied and which constitute the reason for the instant appeal.

Trial Court Opinion, 11/13/2012, at 8-9. After reviewing the relevant case law and the record, we conclude the trial court's analysis adequately disposes of this issue and the court did not err in failing to dismiss Kalkbrenner's summary convictions. Accordingly, his fourth argument fails.

Lastly, in his supplemental brief, Kalkbrenner asserts "the underlying appeal is now moot as the two (2) year maximum sentence for the sole offense the jury convicted [Kalkbrenner] of has been completely served."

Supplemental Brief for Kalkbrenner at 4. He relies on *Commonwealth v. Karth*, 994 A.2d 606 (Pa. Super. 2010), and *Southern Union Company v. United States*, 132 S.Ct. 2344 (U.S. 2012). With respect to *Karth*, he states the case "clearly limits the amount of time restitution may be collected to the statutory maximum of the guilty offense." *Id.* Therefore, he contends that his maximum sentence has been completely served and the ability to collect has ceased. *Id.* Kalkbrenner cites to *Southern Union* for its holding that the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[18] in which the Sixth Amendment of the United States Constitution "reserves to juries the determination of any fact, other than the fact of a prior conviction, that increases a criminal defendant's maximum potential sentence," applies to sentences of criminal fines. *Southern Union Company*, 132 S. Ct. at 2348-2349. Kalkbrenner states that costs and restitution, like fines, are covered under *Apprendi* "since they are a 'penalty' and/or 'punishment.'" We disagree.

First, we find Kalkbrenner's reliance on *Karth* is misplaced as that case is distinguishable from the present matter. In *Karth*, restitution was ordered as a condition of the defendant's probation. With respect to whether restitution is imposed as a direct sentence or a condition of probation, this Court noted:

---

[18] *See also Blakely v. Washington*, 542 U.S. 296 (2004).

When incorporated as part of a defendant's direct sentence, restitution is penal in nature and may be imposed without regard to the defendant's ability to pay. **See** 18 Pa.C.S.A. § 1106(c)(1)(i)(court shall consider restitution regardless of the current financial situation of the defendant). However, when imposed as a condition of probation, as it was here, its function is primarily rehabilitative and is intended to assist the defendant in leading a law-abiding life. 42 Pa.C.S.A. § 9754(b). In this context, restitution is to be imposed only "in an amount [the defendant] can afford to pay." 42 Pa.C.S.A. § 9754(c)(8).

**Karth**, 994 A.2d at 607. Moreover, the Court opined:

Although we can find no case in which we have been confronted with this precise issue, the question of whether restitution payments may extend beyond the expiration of the statutory maximum sentence on a given offense was addressed as a tangential matter in **Commonwealth v. James**, 2001 PA Super 88, 771 A.2d 33 (Pa. Super. 2001). In **James**, the matter on appeal involved the dismissal of a PCRA petition. Our Court's opinion, however, discusses at length James' direct appeal, in which we had addressed the issue of restitution.

**James** had been sentenced to prison, followed by probation, and ordered to pay restitution in the amount of $1,500 per month, which was later reduced to $50 per week due to appellant's limited earning capacity. When James' probationary period was almost due to expire, the Commonwealth instituted violation proceedings, claiming that appellant had failed to satisfy his restitution obligation. The trial court found appellant to be in violation and sentenced him to an additional seven years' probation and ordered him to pay the balance of his restitution in weekly payments of not less than $50.

On direct appeal James argued that, because he had served his prison sentence, completed 10 years of probation and complied with the weekly payment schedule imposed by the court, there was no basis for finding a probation violation, even though the total amount of restitution had not been paid.

In reviewing James' sentence, the panel determined that the trial court had not specified whether restitution was a condition of probation or a component of James' sentence. From

the facts and circumstances of the case, the panel concluded that the restitution was, in and of itself, a component of James' sentence and not a condition of probation. It therefore concluded that, despite the expiration of James' probation, the trial court had the "continuing power to monitor and enforce [the] sentence [of restitution]" until paid, as long as "the period of time during which the offender must pay does not exceed the maximum imprisonment to which he could have been sentenced." *James*, *supra* at 36 & n.3 (emphasis added). The maximum to which James could have been sentenced was 52 years' imprisonment; thus, the court had the authority to enforce the restitution order until the expiration of the maximum possible sentence.

We conclude that, if a court cannot enforce a restitution sentence past the statutory maximum date, it certainly lacks the authority to require that restitution imposed merely as a condition of probation be paid after the expiration of the statutory maximum date. In the case now before us, Karth was subject to a statutory maximum of 90 days' imprisonment. Thus, at most, he could only be compelled to pay restitution over the course of those 90 days.

*Karth*, 994 A.2d at 609-610 (footnote omitted).

We find both *Karth* and *James* are distinguishable from the present matter. *Karth* is distinct from this case as the main issue concerned the imposition of restitution in a condition of probation, which is governed by different provisions than a direct sentence of restitution. *James* is not applicable because a prior version of Section 1106(c)(2)(ii) was applied in that case. As noted in *Commonwealth v. Griffiths*, 15 A.3d 73 (Pa. Super. 2010), prior to 1998, Section 1106 permitted a court to "order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, **provided that the period of time during which the offender is ordered to make restitution shall not exceed**

**the maximum term of imprisonment** to which the offender could have been sentenced for the crime of which he was convicted." *Id.* at 78 (emphasis added). Section 1106 was then amended in 1998. *See* Act No. 121 of 1998 (P.L. 933, enacted December 3, 1998). The amended version of Section 1106, provides, in relevant part:

> (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
>
> …
>
> (ii) **May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.**

18 Pa.C.S. § 1106(c)(2)(ii) (emphasis added). Indeed, "[t]he amended statute deleted the time limits originally contained in subsection (c)(2)(ii). Now, an order of restitution is enforceable until paid. 18 Pa.C.S.A. § 1106(c)(2)(ii)." *Griffiths*, 15 A.3d at 78 (citations omitted).

Turning to the present matter, the DUI incident occurred on February 10, 2003, and Kalkbrenner was sentenced on January 6, 2012. Therefore, under either date, the amended version is applicable. Accordingly, under this version of the statute, the court properly retained authority to compel payment beyond the maximum term of imprisonment and did not err in doing so.

With regard to *Southern Union Company*, we also find this case distinguishable from the present matter as it concerns the imposition of fines

and not restitution.  Kalkbrenner fails to point to any case that has applied *Southern Union Company* to restitution.  Moreover, our research has not uncovered any applicable precedent.  Accordingly, we decline to explore the matter because the *South Union Company* holding is not directly applicable to restitution orders.  Therefore, Kalkbrenner's final argument fails.

      Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2015