**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Dean PLEGER, Appellant**

**Commonwealth of Pennsylvania,**
**Appellant**

v.

**Dean Pleger, Appellee.**

Superior Court of Pennsylvania.

Submitted July 2, 2007.

Filed Oct. 9, 2007.

Marie T. Veon, Asst. Dist. Atty., Franklin, for Com.

Neil E. Rothschild, Oil City, for Pleger.

BEFORE: FORD ELLIOTT, P.J., PANELLA and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 These cases are cross-appeals from judgment of sentence. At No. 1012 WDA 2006, Dean Pleger is the appellant. In that appeal, he has not filed a brief to this Court. Accordingly, we dismiss that appeal.

¶ 2 At No. 1146 WDA 2006, the Commonwealth appeals, contending that Pleger's sentence is illegal. For the reasons that follow, we dispose of this appeal by vacating the judgment of sentence and remanding for re-sentencing. Because the following analysis involves only the Com-

* Retired Senior Judge assigned to the Superior Court.

monwealth's appeal, we will henceforth refer to Pleger as Appellee.

### Facts

¶ 3 In 1996, Appellee entered the accelerated rehabilitative disposition (ARD) program as a result of being charged with driving under the influence (DUI). Thereafter, in March 2004, he committed the instant DUI offense. He was charged with various counts. Eventually, he pled guilty to violating 75 Pa.C.S.A. § 3802(b) (DUI with blood alcohol content at least 0.10% but less than 0.16%).

¶ 4 The trial court declined to count Appellee's ARD as his first conviction for sentencing purposes. Rather, the court counted the instant offense as Appellee's first violation and sentenced him to a fine, restitution and incarceration of ten days to six months. Although the sentence imposed by the court was more than the minimum penalty now required for first-time violations of § 3802(b), it was less than the mandatory minimum for second-time offenders. *See* 75 Pa.C.S.A. § 3804(b)(1)(i), (2)(i).

¶ 5 The Commonwealth claims 75 Pa. C.S.A. § 3806(b) makes ARD a first conviction for purposes of sentencing on DUIs committed within ten years after acceptance of ARD. Thus, because Appellee's current DUI occurred within ten years of his ARD, the Commonwealth claims he should have been treated as a second-time offender and sentenced accordingly. Counting Appellee's ARD as his first conviction, his current offense under § 3802(b) would yield a mandatory minimum sentence that includes no fewer than thirty days' incarceration. 75 Pa.C.S.A. § 3804(b)(2)(i). Therefore, according to the Commonwealth, Appellee's sentence of ten days to six months in jail, having been imposed in violation of §§ 3804(b)(2)(i) and 3806(b), is illegal.

### ARD as a Prior Conviction

¶ 6 At the time of Appellee's ARD, 75 Pa.C.S.A. § 3731(e)(2) indicated ARD would be considered a first conviction for purposes of computing the appropriate sentences for subsequent DUI violations. That is, with ARD counting as a first conviction for sentencing purposes, later DUI offenses were thus second, third, fourth, etc. violations. *Id.* Enhanced penalties for repeat offenses were then imposed based, at least in part, on the number of prior DUI convictions which, again for sentencing purposes, included ARDs. *Id.* at (e)(1), (2). However, also at that time, 75 Pa.C.S.A. § 3731(e)(1) dictated, *inter alia*, that ARD would only count as a prior conviction if a new offense was committed within seven years of accepting ARD.

¶ 7 Effective February 1, 2004, there were various statutory changes related to DUI. 75 Pa.C.S.A. § 3731 was repealed. The elements of DUI are now set forth at 75 Pa.C.S.A. § 3802. Another new statute, 75 Pa.C.S.A. § 3804, details the DUI penalties. Enhanced punishment is still dependent, in part, on the number of prior DUI offenses. *Id.* However, the seven-year "look-back" period for determining which prior offenses impact sentencing has been enlarged to ten years. 75 Pa. C.S.A. § 3806(b). Finally, Sections 3806(a) and (b) indicate, similar to the previous statutory framework, that ARD is to be considered a prior offense for purposes of determining penalties for repeat DUI infractions.

¶ 8 In the context of the present case, the upshot of the foregoing statutory considerations is simply this: At the time of Appellee's 1996 ARD, his ARD was to be viewed as a first conviction for determining his sentence for any future DUI offense within seven years. As of February

718 ■

1, 2004, Appellee's ARD was to be viewed as a first conviction for determining his sentence for any future DUI offense within ten years.

¶ 9 The minimum penalties for DUI offenses are not discretionary but, rather, mandatory. *See* 75 Pa.C.S.A. § 3804(b). Imposition of a sentence below a mandatory term renders the sentence illegal. *See Commonwealth v. Harley*, 924 A.2d 1273, 1277, 1278 (Pa.Super.2007).

¶ 10 This Court recently addressed the issue of whether the expanded look-back period should encompass a prior ARD. *Commonwealth v. Fulton*, 921 A.2d 1239 (Pa.Super.2007). In that case, the appellant had numerous DUI offenses in various years. For one of his offenses, he entered the ARD program in 1995 or 1996.[1] He later had a DUI offense after the 2004 changes to the DUI law. This Court held that the ten-year look-back period encompassed his ARD. *Id.* at 1244–46.

¶ 11 In the course of reaching our conclusion, we observed the appellant had notice of the new law before his new offense, the statute was not vague but instead was clearly written such that the appellant could gauge his future conduct, and the ten-year period did not punish him for prior conduct but for his current crime. Accordingly, the enlarged look-back did not violate due process. *Id; see also Commonwealth v. McCoy*, 895 A.2d 18 (Pa.Super.2006) (holding new ten-year period is not an *ex post facto* violation because it does not increase punishment for prior crime committed when seven-year period was in effect but, rather, enhances penalty for current DUI); *Commonwealth v. Tustin*, 888 A.2d 843 (Pa.Super.2005) (holding an appellant first convicted while seven-

year look-back provision was effective is subject, without due process violation, to the ten-year look-back period for offense after new period took effect).

¶ 12 In the case *sub judice*, Appellee committed the subject DUI offense in March 2004, after the effective date of the statutory changes described *supra*. He thus had legal notice of the ten-year look-back period. The new ten-year period did not increase the punishment for Appellee's 1996 offense. Rather, it related only to his new crime.

¶ 13 Thus, pursuant to the statutes in effect when Appellee committed the instant DUI, his roughly eight-year-old ARD was to be counted as his first conviction, thereby making the subject DUI his second for sentencing purposes. The sentence imposed by the trial court was below the minimum required by statute and was therefore illegal.

¶ 14 We observe the trial court distinguished *Tustin* and *McCoy*, reasoning that they dealt with prior convictions whereas Appellee's ARD was not a conviction. (The trial court did not mention *Fulton* as it had not yet been decided when the court wrote its opinion.) The conclusion that Appellee's ARD was not a conviction for sentencing purposes was legal error. Both at the time of Appellee's ARD and now, ARD was and is a conviction for sentencing purposes on subsequent DUIs.

¶ 15 The court also noted that Appellee's original seven-year look-back expired before the new ten-year period was enacted. The fact that the ten-year period was enacted after Appellee's original seven-year look-back expired does not affect our decision because the enhancement resulting from the expanded look-back does not

1. Different parts of the opinion indicate differing entry years. *See id.* at 1240 n. 1, 1246 n. 14.

change Appellee's expired ARD sanction but, rather, only affects his penalty for a later DUI.

¶ 16 Having failed to recognize ARD as a conviction for sentencing purposes, the court then engaged in a contract law analysis. Specifically, the court reasoned that the seven-year look-back was a term of an ARD contract between Appellee and the Commonwealth. The court essentially found that alteration of the seven-year period violated the ARD agreement and, in so doing, violated due process.

¶ 17 We are not persuaded that the seven-year period was a term of a contract. It was merely the state of the law when Appellee accepted ARD. Indeed, as we stated in *Commonwealth v. Godsey*, 342 Pa.Super. 24, 492 A.2d 44, 46 (1985), Appellee could not reasonably have concluded his ARD barred the General Assembly from enacting legislation to deal with future DUI offenses. To the contrary, the new look-back period was a legitimate exercise of legislative authority which did not affect Appellee's ARD sanction. *Id.* Rather, it related only to future crimes. *Id.* The ten-year look-back is not a due process or *ex post facto* violation.

¶ 18 Accordingly, we find the trial court erred in sentencing Appellee as if the instant DUI offense was his first infraction. Under 75 Pa.C.S.A. § 3806(b), the court should have treated the instant offense as Appellee's second conviction. The court then should have sentenced Appellee in accordance with 75 Pa.C.S.A. § 3804(b)(2), the provision which sets forth specific penalties for second offenses.

### *Restitution*

¶ 19 The Commonwealth requested that $3,440.00 in restitution be awarded to the victim who was injured during a vehicle accident caused by Appellee's drunk driving. Prior to Appellee's sentencing, the victim accepted a settlement from Appellee, through his insurance carrier. At the sentencing hearing, the court found the victim signed a general release, relieving Appellee of all claims. With one exception described *infra*, the trial court essentially reasoned that, because of the settlement and release, the court could not consider ordering restitution, specifically the $3,440.00.

¶ 20 The court did award $900.00 for medical costs not covered by the victim's automobile policy. However, the court distinguished this $900.00 from the requested amount, finding that, despite the release, the $900.00 was "equitably" dictated since the victim's insurer did not cover her full medical bills. N.T., 4/27/06, at 50.

¶ 21 The Commonwealth argues the sentencing court was required by statute to order full restitution and that its failure to do so renders Appellee's sentence illegal. More specifically, the Commonwealth contends that 42 Pa.C.S.A. § 9721(c) and 18 Pa.C.S.A. § 1106(a) make restitution a mandatory aspect of sentencing and that the court violated those statutes by not imposing full restitution.

¶ 22 We first observe the Commonwealth is correct that its contentions implicate the legality of Appellee's sentence. *See In the Interest of M. W.*, 555 Pa. 505, 725 A.2d 729, 731 n. 4 (1999) (holding that, while challenges concerning the amount of restitution involve the discretionary aspects of sentencing, questions regarding the court's authority with respect to ordering restitution implicate the legality of a sentence). Thus, our task in this case is to evaluate the court's application of the aforesaid sentencing statutes, and to determine whether the court committed an error of law. *Commonwealth v. Langston*, 904 A.2d 917, 922 (Pa.Super.2006).

¶ 23 42 Pa.C.S.A. § 9721(c) dictates that the court shall order the convicted defendant to pay restitution compensating the victim for damage or injury sustained as a result of the defendant's criminal conduct. Also, 18 Pa.C.S.A. § 1106(a) directs that an offender shall be sentenced to restitute victims for personal injury or property damage resulting directly from the offender's crime. By virtue of their wording (*i.e.*, "shall"), these provisions are, in fact, mandatory.

¶ 24 Whether imposed as a direct sentence or as a condition thereof (*e.g.,* condition of probation), the primary purpose of restitution is the rehabilitation of the offender. *Commonwealth v. Fuqua,* 267 Pa.Super. 504, 407 A.2d 24, 26 (1979). It is true that restitution helps the victim, but this fact is secondary to the reality that restitution is an aspect of sentencing imposed by a court on an offender in order to facilitate the administration of criminal justice. *Id.* at 25, 26.

¶ 25 Various characteristics of restitution further illustrate that its true nature is that of a criminal sanction. For example, while a crime victim certainly may ask the district attorney to seek restitution, it is the district attorney who has the authority to present that request to the court. 18 Pa.C.S.A. § 1106(c)(2)(i), (4). Moreover, an order of restitution does not create a creditor-debtor relationship between the victim and the offender. *Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197, 208 (1986). Unlike a civil judgment, the victim has no standing to enforce a restitution order. *Id.* Instead, restitution can only be enforced by the criminal court, just as penalties of incarceration or probation are within the court's exclusive purview. *Id.* Also, unlike a civil award, restitution cannot include amounts for pain and suffering. *Langston,* 904 A.2d at 923 n. 3. In the end, restitution is simply not an award of damages but, rather, a sentence. *Commonwealth v. Wright,* 722 A.2d 157, 159, 160 (Pa.Super.1998).

¶ 26 Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. *See Mourar,* 504 A.2d at 208; 18 Pa.C.S.A. § 1106(a), (c). A restitution award must not exceed the victim's losses. *Fuqua,* 407 A.2d at 26. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney and such other matters as the court deems appropriate. 18 Pa.C.S.A. § 1106(c)(2)(i). The court must also ensure that the record contains the factual basis for the appropriate amount of restitution. *Commonwealth v. Valent,* 317 Pa.Super. 145, 463 A.2d 1127, 1128 (1983); *see also* 18 Pa.C.S.A. § 1106(c)(2)(i). In that way, the record will support the sentence. *Valent,* 463 A.2d at 1128.

¶ 27 In the present case, the sentencing judge refused to consider restitution (beyond the aforesaid $900.00) because the victim had signed a general civil release, having obtained a settlement from Appellee which was paid by his insurer. The court reasoned that the release precluded its consideration of restitution. We find this determination to be legal error. The victim could no more release Appellee from a potential sentence of restitution than from a potential sentence of incarceration or probation. All such matters are within the sentencing court's authority and duty. It was not for the victim to circumscribe the criminal court's powers or obligations.

¶ 28 Therefore, as a threshold matter in determining what restitution was to be imposed as part of Appellee's sentence, the

general release and the settlement amount were irrelevant. Rather, the court was required, pursuant to the aforesaid statutes and caselaw, to consider fully the request for restitution presented by the district attorney's office, to evaluate that request in a manner consistent with 18 Pa.C.S.A. § 1106 and 42 Pa.C.S.A. § 9721(c), to arrive at the full amount of restitution due, and then to issue an appropriate order requiring full restitution as an aspect of Appellee's sentence. On remand, the court is directed to do so.

¶ 29 Based on the foregoing analysis, we vacate the judgment of sentence and remand for re-sentencing consistent with this decision.

¶ 30 At No. 1012 WDA 2006, appeal dismissed.

¶ 31 At No. 1146 WDA 2006, judgment of sentence vacated. Case remanded. Jurisdiction relinquished.