J-S68020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEMETRIUS YOUNG, | : | |
| | : | |
| Appellant | : | No. 460 EDA 2015 |

Appeal from the Judgment of Sentence December 5, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0015003-2012

BEFORE:  BENDER, P.J.E., DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED NOVEMBER 16, 2015**

Demetrius Young ("Young") appeals from the judgment of sentence entered following is convictions of third-degree murder, carrying a firearm without a license, and possession of instruments of crime.[1]  For the following reasons, we affirm.

Young's convictions stem from an altercation outside of a Philadelphia night club that resulted in the death of one man, Marcus Smith ("Victim"). The trial court summarized the facts underlying this appeal as follows:

> In 2011, [Victim], Felicia Madison, [Victim's] fiancée, and Cortez Pryor were living together. In May of 2011, Pryor was stopped by the police while driving [Victim's] car. Pryor ran from the police into Madison and [Victim's] house. The police arrested [Victim] instead of Pryor. After that incident[,] Pryor and [Victim's] relationship deteriorated. N.T. 12/2/2014 at 135-39, 146.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 907(a).

On April 1, 2012, at about 3:45 a.m., Sheila Williams was outside waiting to enter the Wheels of Soul nightclub located at 61st and Market Streets in Philadelphia. A red car pulled up and Williams heard [Young], who was sitting in the passenger seat, comment "there go that niggah right there." Williams paid attention to the men because she believed there was going to be a fight. The driver, later identified as Cortez Pryor, exited the car and met [Victim] at the back of the car. [Victim] punched Pryor. [Young] got out of the car and grabbed [Victim]. Pryor retrieved a firearm from the car and returned to the altercation. As soon as [Victim] broke free of [Young's] hold, Pryor shot [Victim]. [Victim] immediately fell to the ground and Williams heard twenty to thirty shots. After the shooting, [Young] and Pryor drove away in the red car towards 60th Street. On April 2, 2012, Williams identified co-defendant Pryor as the shooter from a photo array. On May 2, 2012, Williams identified [Young] from a photo array. N.T. 12/2/2014 at 150-60, 168-69, 171, 209.

On the night of the shooting[,] Darryl Seals, [Victim], and James McGill were at the Wheels of Soul nightclub at 60th and Market Streets. At around 3:45 a.m., McGill and [Victim] left the nightclub. Seals heard gunshots and ran outside and saw that [Victim] had been shot. Seals got his car and drove [Victim] to the Hospital of the University of Pennsylvania. N.T. 12/3/2014 at 141 -42, 144, 146 -48.

At 3:58 a.m., [Victim] was pronounced dead at the Hospital of the University of Pennsylvania. According to Dr. Sam Gulino, the Chief Medical Examiner for the County of Philadelphia, Smith suffered ten gunshot wounds: four to the leg, three to the chest, two to the arm, one to the back, and one to the hip. [Victim] suffered injuries to the lung, heart, diaphragm, liver, and spine as a result of these gunshots. N.T. 12/3/2014 at 109, 111-118.

Trial Court Opinion, 3/20/15, at 2-4 (footnotes omitted).

A jury convicted Young of the offenses listed above. On December 5, 2014, he was sentenced to an aggregate term of nineteen and a half to thirty-nine years in prison. On December 15, 2014, Young filed timely post-sentence motions, which the trial court denied the following day. One week later, on December 23, 2014, Young filed another untimely post-sentence motion. The trial court denied this untimely motion on December 31, 2014. Young filed his notice of appeal on January 30, 2015.

On April 2, 2015, this Court issued a rule directing Young to show cause why this appeal should not be dismissed as untimely. Young did not respond and on May 11, 2015, this Court referred the issue of the timeliness of this appeal to the panel assigned to decide the merits of this appeal.

It is well established that a defendant must file a notice of appeal within thirty days of the entry of the judgment of sentence, but that where the defendant files timely post-sentence motions, this period is tolled until the entry of an order disposing of the post-sentence motion. **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004); **see also** Pa.R.A.P. 903; Pa.R.Crim.P. 720(A)(2). It is also well established that an untimely post-sentence motion does not toll the period of time in which to file an appeal. **Commonwealth v. Millisock**, 873 A.2d 748, 750 (Pa. Super. 2005). Thus, the period of time for Young to file a timely appeal began to run on the date the trial court denied his post-sentence motion,

December 16, 2014. The filing of the second, untimely post-sentence motion did not extend the appeal period. Young, therefore, was required to file his appeal on or before January 15, 2015.

While this Court generally cannot extend the time to file an appeal, we have allowed exceptions when there has been a "breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007). In *Patterson*, a panel of this Court found such a breakdown where the trial court had failed to fulfill the requirements of Pa.R.Crim.P. 720(B)(4), which provides:

> An order denying a post-sentence motion … **shall** include notice to the defendant of the following:
>
> (a)    the right to appeal and the time limits within which the appeal must be filed;
>
> (b)    the right to assistance of counsel in the preparation of the appeal;
>
> (c)    the rights, if the defendant is indigent, to appeal in forma pauperis and to proceed with assigned counsel as provided in Rule 122; and
>
> (d) the qualified right to bail under Rule 521(B).

Pa.R.Crim.P. 720(B)(4) (emphasis added). The comment to this Rule explains the reasoning behind the mandatory inclusion of this information:

> Paragraph (B)(4) protects the defendant's right to appeal by requiring that the judge's order denying the motion, the clerk of courts' order denying the motion by operation of law, or the order entered memorializing a defendant's withdrawal of a post-sentence motion, contain written notice of the

- 4 -

> defendant's appeal rights. This requirement ensures adequate notice to the defendant, which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion. **See** Rule 704(C)(3). **See also Commonwealth v. Miller**, 715 A.2d 1203 (Pa. Super. 1998), concerning the contents of the order memorializing the withdrawal of a post-sentence motion.

Pa.R.Crim.P. 720, Comment.

The order entered here by the trial court denying Young's untimely post-sentence motion did not contain any of the information required by Rule 720(B)(4); most crucially, it did not inform Young of the time in which he had left to file a timely appeal. We addressed the same situation in **Patterson**, as the trial court's order denying an untimely post-sentence motion did not inform the defendant "that, due to the late filing of his post-sentence motion, he had to file an appeal within thirty days of the imposition of sentence." **Patterson**, 940 A.2d at 499. We found that the trial court's failure to comply with Rule 720(B) constituted a breakdown in the court's process that would excuse the untimely filing:

> In our view, the trial court's failure to comply with Rule 720 constitutes a breakdown that excuses the untimely filing of Appellant's notice of appeal. While Appellant did receive proper notification of his post-sentence and appellate rights at the time of sentencing, we will not deem partial compliance with the rules sufficient. Foremost, the use of the word "shall" in Rule 720(B)(4)(a) evinces the mandatory nature of the notification. **See Commonwealth v. Pleger**, 934 A.2d 715, 720 (Pa. Super. 2007) (stating "shall" evinces a mandatory obligation).

- 5 -

> Second, the Comment to the Rule clearly states that Rule 720(B)(4) serves a distinct purpose from Rule 704, namely, to ensure adequate notice to the defendant given the routine delay between the sentencing and the disposition of the post-sentence motion. Finally, in the instant case, the trial court's compliance with this rule likely would have obviated the untimely filing of the appeal as Appellant had over two weeks remaining in the appeal period after the trial court entered the order.
>
> In so holding, we do not find that our Court's decision in **Dreves**, *supra,* compels us to quash the appeal. In **Dreves**, [] the trial court properly advised the appellant of his post-sentence and appellate rights at sentencing, the appellant filed a post-sentence motion twenty days after the imposition of sentence, the trial court denied the motion three months later, and the appellant filed a notice of appeal within thirty days of the entry of the order denying the post-sentence motion. Our Court concluded that Appellant filed an untimely post-sentence motion, should have filed his notice of appeal within thirty days of the imposition of sentence, and quashed the appeal. Importantly, the **Dreves** court did not encounter a situation where the trial court's compliance or non-compliance with Rule 720 would have impacted upon the timeliness of the appeal. In **Dreves**, the trial court did not resolve the untimely post-sentence motion prior to the expiration of the appeal period. As such, we find **Dreves** factually distinguishable. Finding that a court breakdown occurred, we will entertain the merits of the instant appeal.

*Id.* at 499-500.

In this case, as in **Patterson**, the trial court failed to comply with Rule 720(B)(4) and advise Young of the relevant deadlines for appeal purposes following the disposition of his untimely post-sentence motion. Also as in

- 6 -

***Patterson***, Young still had approximately two weeks in which to file a timely appeal following the denial of his untimely post-sentence motion. Accordingly, we find that the trial court's failure to comply with Rule 720(B)(4) constitutes a breakdown so as to excuse Young's untimely filing of his notice of appeal.

Young has raised two issues on appeal. First, he challenges the sufficiency of the evidence to support his convictions of third-degree murder, possessing instruments of crime and carrying a firearm without a license. Young's Brief at 15-22.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hutchinson***, 947 A.2d 800, 805-06 (Pa. Super. 2008).

Young's argument with regard to his third-degree murder conviction does not challenge the presence of evidence that would support his convictions, but only the credibility of that evidence. ***See*** Young's Brief at 17 ("Thus, the DNA evidence against [] Young … was extremely weak."), 18 (characterizing the conclusion that Young restrained Victim as "preposterous"). An argument challenging credibility determinations is an argument addressed to the weight, rather that the sufficiency, of the evidence supporting a conviction. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281-82 (Pa. Super. 2009). As such, it is irrelevant to a sufficiency claim and cannot form the basis for relief.

With regard to the remaining two convictions, possessing an instrument of crime and firearms not to be carried without a license, Young argues that the evidence was insufficient to support a finding that he possessed the firearm that Pryor used to shoot Victim.[2] Young's Brief at 19-22. He argues, in sum, that the evidence "established nothing more than [Young's] mere presence in a vehicle in which a weapon had been located,

---

[2] Both of these offenses require establishing that the accused possessed a firearm. 18 Pa.C.S.A. 907(a) ("A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally."); 18 Pa.C.S.A. § 6106(a)(1) ("[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.").

and there was no evidence to demonstrate that he even know [sic] of the weapon before [Pryor] went to the car and retrieved it." ***Id.*** at 22. We disagree. The Commonwealth presented evidence that Young's DNA was on the grip and trigger of the firearm. N.T., 12/3/14, at 221-241. Considering this evidence in the light most favorable to the Commonwealth, we conclude that it is sufficient to establish that young possessed the firearm.[3]

In his second issue, Young argues that his convictions are against the weight of the evidence. Young's Brief at 22.

> Appellate review of a weight claim ***is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.*** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is

---

[3] Tellingly, Young does not mention this evidence in his argument as to the sufficiency of the evidence to support these offenses. ***See*** Young's Brief at 19-22.

> not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in the original) (citations omitted).

Accordingly, we are mindful that as we review Young's claim, we are not passing on the underlying question of whether the verdicts were against the weight of the evidence, but rather we are considering whether the trial court abused its discretion in denying his motion based upon his claim that the verdict was against the weight of the evidence. We are focused, therefore, on evidence that the trial court's ruling is "manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Id.*

Young, however, fails to appreciate the scope and standard of our review. He does not present any argument as to how the trial court abused its discretion in denying his post-trial motion. He argues only that the evidence supports his version of events and assails the jury's credibility determinations and fact finding. Young's Brief at 22-25. Thus, his argument is directed to the underlying question of whether his convictions are against

- 10 -

the weight of the evidence. As stated above, this is not the question before us for review. He does not allege how the trial court's denial of his claim is "manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." **Clay**, 64 A.3d at 1055.

Young has not provided us with appropriate argument relative to our standard of review, and this Court will not develop an argument on his behalf. **See Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006). In addition, however, we note that our independent review of the record provides us with ample support for the conclusion that the trial court did not abuse its discretion in deciding that the verdicts in this case were not against the weight of the evidence. We therefore find no merit to Young's claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015

- 11 -