J-A13035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                     :             PENNSYLVANIA

           v.                       :

                                       :

JAMES ROBERT DAWKINS, JR.         :

                                     :

APPEAL OF:  WILLIAM CREPPS       :         No. 1093 WDA 2015

Appeal from the Order July 14, 2015
in the Court of Common Pleas of Washington County,
Criminal Division, No(s):  CP-63-CR-0002746-2013

BEFORE:  OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:        **FILED SEPTEMBER 14, 2016**

William Crepps ("Crepps") appeals from the Order of the trial court, which set the restitution owed to Crepps by James Robert Dawkins, Jr. ("Dawkins").  We quash the appeal.

The trial court summarized the facts underlying the instant appeal as follows:

> On August 25, 2013, Dawkins and Crepps got into a physical altercation at the Chambers Dam Association.  Crepps, who was on a riding tractor at the time, rode up to Dawkins and began attempting to speak with him about an issue with their neighborhood association.  Both men exchanged unpleasant words.  Immediately following this verbal altercation, the victim in this matter, Crepps, got up off the riding mower and attempted to strike Dawkins numerous times with his closed fists, and eventually Crepps did strike Dawkins in the cheek with one of his fists.  Dawkins tried to retreat from the situation, but Crepps continued to pursue him.  At that point, Dawkins swung out his right foot to trip Crepps, and this caused Crepps to fall and sustain a substantial head injury.
>
> During the June 1, 2015 restitution hearing in this matter, Crepps testified that as a result of Dawkins tripping him, his skull

was cracked and blood had begun seeping into his brain. The Commonwealth introduced several exhibits during the proceeding: Commonwealth Exhibit 1[,] which included medical bills, Commonwealth Exhibit 2, [which was] an out[-]of[-]pocket expense sheet that Crepps had created, and Commonwealth Exhibit 3, which was another sheet of paper that Crepps had created that listed his lost wages. Neither Commonwealth Exhibit 2 nor Commonwealth Exhibit 3 were corroborated with any supporting documentation.

Trial Court Opinion, 6/18/15, at 1-2.

On February 12, 2015, the trial court found Dawkins guilty of the summary offense of harassment.[1] The trial court sentenced Dawkins to a fine of $300.00, court costs, and following a hearing, ordered restitution in the amount of $1,359.79, payable to Crepps. Thereafter, Crepps filed the instant appeal, challenging the amount of restitution imposed by the trial court. Crepps additionally filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Crepps presents the following claims for our review:

I. [Whether] the medical bills presented by Crepps[, which] totaled $25,000.00 for treatment at Allegheny General [and/or] time spent in work[-]related matters[,] were valid and conclusive and [had] a direct nexus to the actions of [Dawkins?]

II. Should [Crepps] have the ability to appeal the decision of restitution in the event the district attorney does not wish to do so[,] and the award from the [trial] court is less than ten [percent] (10%) of the amount of damages sustained by the victim[?]

Brief for Appellant at 9.

_____

[1] *See* 18 Pa.C.S.A. § 2709(a)(1).

- 2 -

Before addressing Crepps's claims, we first must determine whether Crepps has standing to challenge the trial court's sentence of restitution, imposed upon Dawkins.

The imposition of restitution, as part of a defendant's sentence, is governed by 18 Pa.C.S.A. § 1106. Section 1106 provides, in relevant part, as follows:

**(a) General rule. —** Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.**

 **(1)** The court shall order full restitution:

**(i)** Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

\* \* \*

- 3 -

**(2)** At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

> **(i)** Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

> \* \* \*

**(3)** The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

> **(i)** It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

> \* \* \*

> **(iii)** The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).

> \* \* \*

**(g) Preservation of private remedies.** — No judgment or order of restitution shall debar the owner of the property or the victim who sustained personal injury, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment.

18 Pa.C.S.A. § 1106(a), (c), (g).

Section 1106 does not vest a victim with authority to directly request restitution, or prove his or her entitlement thereto.

> [W]hile a crime victim certainly may ask the district attorney to seek restitution, it is the district attorney who has the authority to present that request to the court. 18 Pa.C.S.A. § 1106(c)(2)(i), (4). Moreover, an order of restitution does not create a creditor-debtor relationship between the victim and the offender. ***Commonwealth v. Mourar***, 349 Pa. Super. 583, 504 A.2d 197, 208 (Pa. Super. 1986). Unlike a civil judgment, the victim has no standing to enforce a restitution order. ***Id.*** Instead, restitution can only be enforced by the criminal court, just as penalties of incarceration or probation are within the court's exclusive purview. ***Id.***

***Commonwealth v. Pledger***, 934 A.2d 715, 720 (Pa. Super. 2007).

Because there is no statutory authority for a victim to directly seek or challenge a trial court's sentence of restitution, it follows that a victim cannot appeal a trial court's sentence of restitution. Consequently, we conclude that Crepps lacks standing to appeal the restitution portion of Dawkins's judgment of sentence. On this basis, we must quash Crepps's appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2016

- 5 -