J-S92025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN S. PLACEK | |
| Appellant | No. 729 WDA 2016 |

Appeal from the Judgment of Sentence April 21, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-SA-0000502-2015

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:              **FILED MAY 01, 2017**

John S. Placek appeals from the April 21, 2016 judgment of sentence imposed by the Westmoreland County Court of Common Pleas following his conviction for harassment.[1]  We affirm in part and vacate in part.

This appeal arose from an altercation on September 4, 2015 between Placek and the victim, Kim Schacher, in which Placek shoved Schacher, slapped Schacher's phone from his hand, and slammed Schacher's arm in a metal door.  On April 21, 2016, after a summary appeal trial, the trial court convicted Placek of one count of harassment and sentenced him to pay a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(1).

$200.00 fine and $233.91 in restitution. On May 16, 2016, Placek timely appealed to this Court.

Placek presents one question for our review:

> WHETHER THE TRIAL COURT ERRED IN ALLOWING AN INSURANCE DOCUMENT TO BE INTRODUCED TO ESTABLISH THE OUT OF POCKET EXPENSES OR MEDICAL BILLS INCURRED BY THE ALLEGED VICTIM AND IN ORDERING RESTITUTION IN THE AMOUNT OF $233.91 BASED ON SUCH DOCUMENT[.]

Placek's Br. at 4.

An allegation that a restitution order is unsupported by the record is a challenge to the legality, rather than the discretionary aspects, of a sentence. *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa.Super. 2010). The determination of whether the trial court imposed an illegal sentence is a question of law, and our standard of review is plenary. *Id.*

Section 1106 of the Crimes Code authorizes mandatory restitution as part of a defendant's sentence. The statute provides that "[u]pon conviction for any crime . . . wherein the victim suffered personal injury directly resulting from the crime, the [defendant] shall be sentenced to make restitution in addition to the punishment described therefor." 18 Pa.C.S. § 1106(a). The statute further mandates that the trial "court shall order full restitution . . . [r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." *Id.* § 1106(c)(1)(i).

The Commonwealth bears the burden of proving its entitlement to restitution. ***Atanasio***, 997 A.2d at 1183. The amount of restitution is limited by the loss or damages directly resulting "from the defendant's criminal conduct and by the amount supported by the record." ***Commonwealth v. Dohner***, 725 A.2d 822, 824 (Pa. Super. 1999).

> Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. A restitution award must not exceed the victim's losses. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney and such other matters as the court deems appropriate. The court must also ensure that the record contains the factual basis for the appropriate amount of restitution. In that way, the record will support the sentence.

***Commonwealth v. Pleger***, 934 A.2d 715, 720 (Pa.Super. 2007) (internal citations omitted).

Here, the trial court's restitution order was based solely on a September 11, 2015 explanation of benefits ("EOB") issued to Schacher by his insurer, Anthem Blue Cross. ***See*** Cmwlth.'s Ex. 7 at 1. The EOB identifies the medical provider as MedExpress Urgent Care, PC ("MedExpress") and the date of service as September 4, 2015. ***Id.*** The EOB provides, "It is your responsibility to pay: $233.91[.] It is not your responsibility to pay: $139.09." ***Id.*** It also provides, "Member's Medical Deductible Applied to Date: $233.91." ***Id.*** A line at the bottom of the EOB states, "THIS IS NOT A BILL." ***Id.*** (capitalization in original).

- 3 -

At trial, Schacher testified that shortly after the altercation with Placek, he went to MedExpress to have his arm examined. According to Schacher, "[t]hey took X-rays and so forth, and said there was no fracture. And they gave me a prescription for medication and said wrap it and put ice on it." N.T., 4/21/16, at 16. The Commonwealth then sought to introduce two documents: a treatment record from MedExpress and the September 11, 2015 EOB. The following exchange occurred on the record:

> [COMMONWEALTH]: Okay. If I could, Your Honor, have this marked as Commonwealth's 6 and 7?
>
> THE COURT: Which are?
>
> [COMMONWEALTH]: This would be the medical [record] that stated that [Schacher] received treatment on [September] 4th at MedExpress, and this is a bill. **Number 7 would be the bill.**
>
> THE COURT: All right. They may be marked. Do you have any objection to their admission?
>
> [DEFENSE COUNSEL]: I have no objection to the actual medical record as corroborative that he went and somebody noted a contusion, **but with respect to Number 7, it's actually not a bill. It's an insurance claim form.** Again, that my problem here. I don't even know what that – I mean, I could speculate that [it] represents possibly a co-pay or deductible, but it's not a "bill" bill. It's an insurance . . . summary kind of form.
>
> . . .
>
> THE COURT: I'm going to admit both of those, **but admit 7 subject to review as to its relevance.**

- 4 -

*Id.* at 16-17 (emphases added). The Commonwealth offered no further evidence regarding Schacher's medical expenses, nor did it offer any testimony to explain the information on the EOB.

At the conclusion of the trial, after finding Placek guilty of harassment, the trial court stated, "I'm ordering that you pay a fine of $200.00, and that you pay medical restitution in the amount of $233.91." *Id.* at 50. Defense counsel again objected:

> [DEFENSE COUNSEL]: **I object to that restitution order, Your Honor, just so you note it. That's not a bill.**
>
> THE COURT: Your objection is noted, but the Exhibit Number 7 states, "It is your responsibility to pay $233.91."
>
> [DEFENSE COUNSEL]: Correct.
>
> THE COURT: Based on that, I'm suggesting that – I'm finding that the victim has a legal responsibility to pay that amount.
>
> . . .
>
> [DEFENSE COUNSEL]: Okay, Your Honor.
>
> And just to be clear, my objection is more than that that's not a bill. My objection is there's really no, like, testimony as to, you know, the relation of that document – I think that's Number 7 – to the document, Number 6, [it's] a bunch of billing codes. **My objection is not only that that document is not a bill, but the Commonwealth did not establish a $233.00 loss, Your Honor.**

*Id.* at 50-51 (emphases added).

Based on our review of the record, we agree with Placek that the trial court erred in relying on the EOB in ordering restitution. First, the EOB

- 5 -

plainly states, "THIS IS NOT A BILL." Cmwlth.'s Ex. 7 at 1. Because the EOB is not a bill, Schacher had no obligation to pay MedExpress based on the information in the EOB. Second, the EOB indicates only the insurer's anticipated payment of benefits to MedExpress, not its actual payment. ***See id.*** ("[Your] local Blue Cross and/or Blue Shield plan is responsible for the payment of the claim. Because of this, actual payment to your provider might occur after you receive this [EOB].") As is often the case with insurance claims, the amount indicated on an EOB as the patient's potential responsibility may differ from the amount for which the provider ultimately bills the patient due to, among other reasons, the patient's filing of an appeal or secondary insurance coverage. After the insurer (or insurers) processes the claim, the medical provider will bill the patient for the remaining balance, if any. For these reasons, we agree with Placek that the EOB is speculative regarding the medical expenses Schacher incurred as a result of his injury.

It is well settled that "[a]n award for restitution should not be speculative or excessive. The general rule is that if the record does not support the order of restitution[,] then such sentence should be vacated." ***Commonwealth v. Balisteri***, 478 A.2d 5, 9 (Pa.Super. 1984). Furthermore, the restitution statute "require[s] the Commonwealth to exercise due diligence to ascertain the amount of restitution prior to the time

of sentencing." ***Commonwealth v. Ortiz***, 854 A.2d 1280, 1283 (Pa.Super. 2004) (*en banc*) (citing 18 Pa.C.S. §1106(c)(4)).

Here, the Commonwealth produced no evidence other than the EOB to support its request for restitution. The Commonwealth did not offer into evidence an invoice from MedExpress or a receipt or canceled check indicating that Schacher had paid $233.91 to MedExpress. Schacher presented no testimony about the amount he was billed by, or paid to, MedExpress. Absent competent evidence of Schacher's out-of-pocket medical expenses, the Commonwealth failed to satisfy its burden of proving its entitlement to restitution. ***See Atanasio***, 997 A.2d at 1183.[2]

Accordingly, because the restitution order is unsupported by the record, we vacate that portion of Placek's judgment of sentence imposing restitution in the amount of $233.91. We affirm the remainder of Placek's judgment of sentence.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

_____

[2] Placek does not dispute that MedExpress treated Schacher on September 4, 2015, nor does he challenge the validity of the EOB. Rather, Placek contends, and we agree, that the EOB alone does not prove Schacher's out-of-pocket medical expenses.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/1/2017</u>