J-S57043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ANITA BUIE, :
:
Appellant : No. 1865 EDA 2016

Appeal from the Order June 13, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-SA-0000996-2016

BEFORE:  PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 27, 2017**

Anita Buie ("Buie") appeals, *pro se*, from the Order dismissing her summary appeal to the Philadelphia County Court of Common Pleas, and entering judgment against Buie.  We affirm.

The trial court set forth the relevant underlying facts as follows:

On January 9, 2016, [Buie] was operating a black Ford in the vicinity of 19th and Dauphin Streets in Philadelphia and was pulled over by a Philadelphia police officer on the 2300 block of 18th Street. The officer issued traffic citations AA0949955, AA0949966 and AA094981 based on alleged violations of Sections 1301(a), 1371(a) and 1786(f) of the Vehicle Code, 75 Pa.C.S.[A.] §§ 1301(a), 1371(a) and 1786(f).[fn]

[fn] Section 1301(a) prohibits the driving of an unregistered vehicle prohibited.  It provides that "[n]o person shall drive or move and no owner or motor carrier shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration."  Section 1371(a) prohibits the operation of a vehicle following the suspension of its registration.  It provides that "[n]o person shall operate and no owner shall permit to be operated upon any highway a vehicle the registration of which has been

suspended." Section 1786(f) requires the owner [of] a motor vehicle to have financial responsibility when that vehicle is operated. It provides that ["a]ny owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter."

On March 14, 2016, [Buie] appeared for trial in the Traffic Division of the Philadelphia Municipal Court and was found guilty. [The traffic court imposed fines and costs against Buie totaling $1,146.50.] On March 22, 2016, [Buie] took an appeal to the court of common pleas. [Buie] failed to appear on June 13[,] 2016[,] for her *de novo* trial. As a result of [Buie's] failure to appear, th[e trial] court entered an Order that provided, in pertinent part, the following: "[Buie] having failed to appear, the appeal is dismissed, and the judgment of the Municipal Court Traffic Division is entered as the judgment of the Court of Common Pleas."

On June 14, 2016, [Buie] took an appeal from the court's June 13, 2016 Order to the Superior Court. On July 5, 2016, th[e trial] court entered an Order requiring [Buie] to file a concise statement of errors complained of on appeal by no later than July 26, 2016. [Buie filed a Pa.R.A.P. 1925(b) Concise Statement on March 30, 2017.]

Trial Court Opinion, 11/28/16, at 1-2 (citation omitted, footnote in original).

On appeal, Buie raises the following claim for our review: "Whether [Buie] is entitled to a new trial following the [trial c]ourt's dismissal of her [s]ummary [a]ppeal without considering the cause of her failure to appear[?]" Brief for Appellant at 3.

Prior to addressing Buie's claim, we must determine whether her claim is properly preserved on appeal. It is well-settled that when a trial court orders an appellant to file a Rule 1925(b) concise statement, she must

comply to preserve her claims on appeal. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); ***see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224–25 (Pa. Super. 2014) (*en banc*) (stating that whenever a trial court orders an appellant to file a concise statement of errors complained of on appeal, the appellant *must* comply in a timely manner, and this Court has no discretion to review the merits of an untimely concise statement).

Here, on July 5, 2016, trial court issued a Pa.R.A.P. 1925(b) Order, requiring Buie to file a statement no later than twenty-one days after the entry of the order. Buie filed her Concise Statement on March 30, 2017. As Buie did not timely file her Rule 1925(b) statement, she has waived her claim on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***see also Greater Erie Indus. Dev. Corp.***, 88 A.3d at 224–225.

In any event, even if Buie properly preserved her claim, she is not entitled to relief. Buie contends that the trial court improperly dismissed her summary appeal without attempting to ascertain the reasons for her failure to appear. Brief for Appellant at 6. However, Pennsylvania Rule of Criminal Procedure 1037(D)(2), which governs appeals from summary convictions in Philadelphia County, states that if a defendant fails to appear for a trial *de novo*, and the appeal is not from a mandatory prison sentence, "the Common Pleas Court judge **shall** dismiss the appeal and enter the judgment in the Court of Common Pleas on the judgment of the Traffic Division judge

or hearing officer." Pa.R.Crim.P. 1037(D)(2). The use of the word "shall" establishes the mandatory nature of the obligation of the trial court judge. *See Commonwealth v. Pleger*, 934 A.2d 715, 720 (Pa. Super. 2007). Thus, because Buie failed to appear for the trial *de novo*, and the appeal was not from a mandatory prison sentence, Rule 1037(D)(2) required a dismissal of the appeal and the entry of judgment of the traffic division judge.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017

---

[1] We note that Buie cites to Criminal Rule 462(D) (stating that "[i]f the defendant fails to appear, the trial judge **may** dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." (emphasis added)), to support her argument. However, Criminal Rule 462 applies to *de novo* trials outside of Philadelphia County. *See* Pa.R.Crim. 462, cmt. (stating that "[f]or the procedures for appeals from the Philadelphia Municipal Court Traffic Division, see Rule 1037."). Thus, while Rule 462(D) provides the trial court judge with discretion in dismissing the case based upon the defendant's failure to appear, the rule is inapplicable to this case.