J-S38016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TAMERA JEAN ODONNELL | : | |
| | : | |
| Appellant | : | No. 570 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000332-2019

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED DECEMBER 16, 2020**

Tamera Jean O'Donnell[1] appeals from the judgment of sentence entered following her guilty plea to forgery, 18 Pa.C.S.A. § 4101(a)(2). She challenges the denial of her motion to modify restitution. We affirm.

In October 2019, O'Donnell entered a guilty plea to one count of forgery. At the plea hearing, the Commonwealth set forth the following factual basis for the plea:

> Your Honor, it's alleged in Information 332 of CR-19 –. . . . [I]t's alleged that [O'Donnell] did between Wednesday, the 20th of December 2017, and Friday, the 27th day of July 2018, in the borough of East Buffalo Township wrote – or

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's last name is spelled "Odonnell" in the bill of information and some other portions of the trial court record, including the docket entries. However, documents Appellant has filed spell it "O'Donnell." **See**, **e.g.**, Appellant's Brief. To be consistent with the trial court docket, we have not altered the caption. However, in the body of this Memorandum, we use the spelling she uses.

forged multiple checks; that is, she signed the name of David Hoffman [("Victim")] – filled out the checks and signed the name [Victim]. She was not authorized to do so. And she completed and signed 33 blank checks, wrote them mostly to herself, some other payees, totaling an amount of $9,169.68. And if we didn't say it in the colloquy form, she is also obligated for restitution in our agreement.

N.T., 10/15/19, at 11-12. The court asked O'Donnell if she admitted having committed the offense, and she said, "Yes." **Id.** at 12.

The court then proceeded to sentencing, and asked the Assistant District Attorney for the amount of the restitution, and he replied, "It's $9,169.68." **Id.** at 14. O'Donnell did not object, and although she exercised her right to allocution shortly afterwards, she did not dispute the amount. The trial court then sentenced O'Donnell her to pay restitution to Victim in the amount of $9,169.68. The court further sentenced O'Donnell to six to 24 months' incarceration, plus costs and fees.[2]

O'Donnell filed a Motion to Modify Restitution, alleging the restitution amount was not accurate and asking the court modify it. The court ordered the parties to file briefs, and the parties complied. The court denied the motion.

O'Donnell filed a timely Notice of Appeal.[3] She raises the following issue: "Whether the trial court erred/abused its discretion in denying [O'Donnell's]

---

[2] O'Donnell also pled guilty and was sentenced on other dockets. She, however, filed an appeal only at this docket, and challenges only the restitution awarded at this docket.

[3] The court denied the motion on February 21, 2020. On March 16, 2020, the Pennsylvania Supreme Court declared a judicial emergency and, on March 17,

motion to modify restitution?" O'Donnell's Br. at 8. In her brief, she argues that Victim is recovering "excess monetary damages from that actually suffered." O'Donnell's Br. at 10. She claims the order denying the motion without a hearing "impermissibly shifted the burden to [O'Donnell] to prove the entitlement to a specific amount of restitution." *Id.* at 10.

O'Donnell's challenges go to discretionary aspects of her sentence. *See Commonwealth v. Weir*, 239 A.3d 25 (Pa. 2020). There is no absolute right to review of the discretionary aspects of a sentence. *Commonwealth v. Cartrette* 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, we apply a four-part analysis before addressing a challenge to discretionary aspects of sentence. We must determine whether: (1) the appellant has filed a timely notice of appeal; (2) the appellant properly preserved the issue at sentencing or in a motion to reconsider or modify sentence; (3) the appellant's brief includes a Pa.R.A.P. 2119(f) statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013); 42 Pa.C.S.A. § 9781(b).

Here, O'Donnell filed a timely notice of appeal and raised her challenges in a post-sentence motion. Although her appellate brief does not contain a

_____

2020, this Court extended by 30 days all filing due dates. Order, filed Mar. 17, 2020, at ¶ B. Therefore, O'Donnell's Notice of Appeal, filed on March 31, 2020, was timely.

Rule 2119(f) statement, the Commonwealth did not object, such that this failing does not preclude our review of the claim. *See Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa.Super. 2006). Further, her claim that the restitution award was excessive, or not supported by the evidence, raises a substantial question. *See Commonwealth v. Pappas*, 845 A.2d 829 (Pa.Super. 2004). We will therefore review the claim's merits.

The Commonwealth bears the "burden of proving its entitlement to restitution." *Id.* (citing *Commonwealth v. Boone*, 862 A.2d 639, 643 (Pa.Super. 2004)). "When fashioning an order of restitution, the [trial] court must ensure that the record contains the factual basis for the appropriate amount of restitution." *Id.* (citing *Commonwealth v. Pleger*, 934 A.2d 715, 720 (Pa.Super. 2007)). Evidence of "[t]he dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution." *Id.* (citing *Pleger*, 934 A.2d at 720). The restitution award amount "may not be excessive or speculative." *Id.* (citing *Commonwealth v. Rush*, 909 A.2d 805, 810 (Pa.Super. 2006)). Further, "[a]lthough it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." *Id.* (quoting *Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa.Super. 2004)).

Here, at the guilty plea hearing, when the Commonwealth set forth the factual predicate for O'Donnell's guilty plea, it stated the restitution amount involved in the crime, and owed to Victim, was $9,169.68, and O'Donnell

agreed to those facts. Therefore, the amount of restitution imposed at sentencing of $9,169.68 was supported by the facts presented by the Commonwealth.

Further, the trial court did not abuse its discretion in denying the motion to modify restitution without a hearing. The court may modify the restitution order:

> The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S.A. § 1106(c)(3). Here, O'Donnell agreed to a restitution amount at a prior hearing, and a new hearing is not required based merely on a bald claim that the amount agreed to would result in excess damages. The court did not err in denying the request to modify restitution.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020

- 5 -