**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MARCUS MICHAEL BOOZE | : | |
| | : | |
| Appellee | : | No. 1039 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 3, 2019
In the Court of Common Pleas of Greene County
Criminal Division at No(s):  CP-30-CR-0000302-2018

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED: September 29, 2021**

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered in the Greene County Court of Common Pleas, following the *nolo contendere* plea of Appellee, Marcus Michael Booze, to simple assault.[1]  We affirm Appellee's conviction but vacate and remand for resentencing.

The trial court set forth the relevant facts of this case as follows:

> On November 4, 2018, [Appellee], age 19 at the time, entered the DubTown Vape Shop.  [Appellee] was accompanied by Louis Hunyady and Marissa Romanakis. The three had entered the vape shop business to purchase JUUL electronic cigarettes.
>
> The [c]ourt recalls that there had been an ongoing feud between the victim, Franklin D. Russell, II, and Louis

---

[1] 18 Pa.C.S.A. § 2701(a)(2).

Hunyady. The [c]ourt recalls also that this feud had been fomenting as a result of online postings primarily by Russell. Unknown to [Appellee] and his young friends, Russell was inside the vape shop playing video games. When the three individuals entered Russell immediately confronted Hunyady. Quickly the verbal sniping rose to a physical altercation and Russell began to pummel Hunyady with his fists while holding him in a headlock. It should be noted that Russell was much larger than Hunyady, and significantly outweighed Hunyady. [Appellee] opened a pocketknife and in an attempt to stop the attack, [Appellee] stabbed Russell once in Russell's lower back. This resulted in a collapsed lung and hospitalization of Russell, the victim.

The next day, [Appellee] was arrested and charged with Criminal Attempt-Homicide and Aggravated Assault. On May 8, 2019, [Appellee] was tried before a jury on the charges of Criminal Attempt-Murder and Aggravated Assault with a Deadly Weapon arising out of the incident that occurred on November 4, 2018. The jury acquitted [Appellee] on the charge of Criminal Attempt-Homicide and they were deadlocked as to the charge of Aggravated Assault. The [c]ourt entered a verdict to the offense of Criminal Attempt-Homicide and declared a mistrial on the remaining charge of Aggravated Assault.

On August 13, 2019, the Commonwealth amended the Aggravated Assault information to one of Simple Assault and [Appellee] entered a plea of *nolo contendere* to the reduced charge.

(Trial Court Opinion, filed January 28, 2020, at 3-5) (internal footnotes omitted).

The court sentenced Appellee on October 3, 2019, to 30 days to 23½ months' imprisonment.[2] The court also sentenced Appellee to pay restitution

---

[2] The court later amended its sentencing order to clarify that Appellee entered a plea of *nolo contendere*, where the original sentencing order had mistakenly indicated that Appellee pled guilty.

- 2 -

in the amount of $6,000.00 split evenly between the victim and the Victims Compensation Assistance Program ("VCAP"). On October 11, 2019, the Commonwealth timely filed a post-sentence motion, alleging that Appellee owed $10,686.26 to VCAP, which it paid to the victim to cover his medical treatment. The Commonwealth claimed, "to the extent the [c]ourt reduced the restitution payable to [VCAP], the sentence imposed is illegal as it is in direct contravention to 18 Pa.C.S.A. § 1106(c)(1)[.]" (Post–Sentence Motion, filed 10/11/19, at unnumbered 2). On November 15, 2019, prior to the court's ruling on the post-sentence motion, the Commonwealth filed a notice of appeal. This Court quashed the appeal as premature on June 25, 2020. On September 2, 2020, the trial court denied the Commonwealth's post-sentence motion.

The Commonwealth timely filed a notice of appeal on September 28, 2020. On October 5, 2020, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The Commonwealth timely filed a Rule 1925(b) statement on October 15, 2020.

The Commonwealth raises the following issue for our review:

> Did the court err in failing to include mandatory restitution as part of the sentence imposed in accordance with the applicable statutory provisions?

(Commonwealth's Brief at 4).

The Commonwealth argues that the court erred by failing to sentence

Appellee to pay the full amount of restitution related to medical bills paid by VCAP. The Commonwealth contends that it presented evidence at sentencing establishing that VCAP paid $10,686.26 to cover the victim's medical treatment which resulted from Appellee's criminal conduct. In the absence of any testimony or documentation supporting the court's calculation, the Commonwealth alleges that the restitution award of only $3,000 to VCAP is speculative and unsupported by the record. The Commonwealth emphasizes that Appellee does not dispute that VCAP paid $10,686.26 to cover the victim's medical expenses. The Commonwealth also insists it is undisputed that Appellee caused the stab wound necessitating victim's medical treatment in that amount. The Commonwealth maintains the court's failure to award VCAP the full amount owed constitutes an illegal sentence. The Commonwealth concludes that this Court should vacate and remand for the court to enter a new sentencing order requiring Appellee to pay the full restitution owed to VCAP in the amount of $10,686.26. We agree.

Initially, we must decide whether the Commonwealth's issue implicates the legality of the sentence, as alleged by the Commonwealth, or the discretionary aspects of sentencing. A challenge to the legality of a sentence raises a question of law. *See Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa.Super. 2008) (*en banc*). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa.Super. 2013). "An illegal

sentence must be vacated…" ***Commonwealth v. Ramos***, 197 A.3d 766, 769 (Pa.Super. 2018) (citation and quotation marks omitted). Moreover, assuming jurisdiction is proper, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa.Super. 2014) (citation omitted).

In contrast, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

"The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112

(Pa.Super. 2008), *cert*. *denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis omitted) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

"[An a]ppellant's challenge to the amount of restitution set by the trial court presents a substantial question." **Commonwealth v. Solomon**, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*). **See also Commonwealth v. Pappas**, 845 A.2d 829, 842 (Pa.Super. 2004) (stating appellant raised substantial question by arguing there was insufficient evidence of value of stolen property to support restitution award); **Commonwealth v. Walker**, 666 A.2d 301, 310 (Pa.Super. 1995) (concluding that substantial question is raised when appellant argues that sentence of restitution is not supported by record).

In **Commonwealth v. Weir**, ___ Pa. ___, 239 A.3d 25 (2020), our Supreme Court reiterated that "a challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue. A challenge to the manner in which the sentencing court exercises that authority in fashioning the restitution implicates the discretionary aspects of the sentence." **Id.** at ___, 239 A.3d at 37. Therefore, when an appellant claims that the trial court lacked statutory authority to impose restitution, it is a legality of sentencing issue. **Id.** Conversely, where an appellant "challenges only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth, it is a challenge to the discretionary aspects of sentencing." **Id.** at ___, 239 A.3d at 38.

Instantly, the Commonwealth's claim is that the trial court erred in determining the proper amount of restitution the court awarded to VCAP, which the Commonwealth characterized as speculative. (**See** Commonwealth's Brief at 17). Because the Commonwealth disputes only the amount of the restitution award, rather than the trial court's authority to impose restitution, it is a challenge to the discretionary aspects of Appellee's sentence, which must be preserved for our review. **See Weir, supra**.

Here, the Commonwealth raised its challenge to the amount of restitution in a timely post-sentence motion, and filed a timely notice of appeal following the denial of post-sentence motions. Although the Commonwealth did not include in its brief a separate Rule 2119(f) statement, Appellee did not

object to this defect, so we may overlook it.[3] ***See Commonwealth v. Kiesel***, 854 A.2d 530 (Pa.Super. 2004). The Commonwealth's issue also raises a substantial question for our review. ***See Solomon, supra***; ***Walker, supra***. Therefore, we will review the merits of the Commonwealth's claim.

The Crimes Code provides for restitution for injuries to persons or property, as follows:

### § 1106. Restitution for injuries to person or property

**(a) General rule**.—Upon conviction for any crime wherein:

* * *

(2) the victim, if an individual, suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

* * *

**(c) Mandatory restitution**—

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other government agency but **shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund** or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not

---

[3] Appellee did not file a brief on appeal.

reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

\*     \*     \*

(2)     At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i)     Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

\*     \*     \*

18 Pa.C.S.A. § 1106(a)(2), (c)(1)(i), (c)(2)(i) (emphasis added).

Section 1106 makes clear that the legislature intended for a criminal offender to not only be required to provide restitution to the victim directly, but also to government agencies which provide reimbursement to the victim. ***Commonwealth v. Brown***, 603 Pa. 31, 981 A.2d 893 (2009). Additionally, the amount of the restitution award must be supported by the record and may not be speculative. ***Commonwealth v. Rush***, 909 A.2d 805, 810 (Pa.Super. 2006). "The court must…ensure that the record contains the factual basis for the appropriate amount of restitution." ***Commonwealth v. Pleger***, 934 A.2d 715, 720 (Pa.Super. 2007). The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. ***Id.***

Instantly, the Commonwealth sought reimbursement for the amount

VCAP paid to the victim. At sentencing, the Commonwealth submitted a letter from VCAP indicating that it approved an award of $10,686.26 in this case. Notwithstanding the Commonwealth's claim for that amount, the trial court stated that it had discretion to determine the restitution award to be paid to VCAP. In support of the court's position for reducing the VCAP award, the court relied upon the provision of Section 1106 that allows the court to consider "any matters as it deems appropriate." **See** 18 Pa.C.S.A. § 1106(c)(2)(i). The court explained the "matters it deemed appropriate" to reduce the VCAP award from $10,686.26 to $3,000.00 as follows:

> The [c]ourt recognizes that [VCAP] has paid medical bills on behalf of [the victim] in the amount of $10,686.26.
>
> The [c]ourt is now saddled with the task of determining restitution and looks to the provisions of Title 18 § 1106(c)(2)(i) and other sections related to restitution.
>
> The [c]ourt recognizes that it has the ultimate authority in determining the appropriateness of restitution.
>
> The court now DIRECTS [Appellee] pay $3,000.00 to the benefit of…the victim in this case.
>
> As the [c]ourt also recognizes that [VCAP] has paid in excess of that amount the Court now DIRECTS that the Greene County Clerk of Courts collect $3,000.00 from [Appellee] and for the benefit of [VCAP].
>
> The factors that the [c]ourt has considered in determining the appropriateness of the restitution relate to the jury's verdict of acquittal of the charge related to attempted criminal homicide. The [c]ourt also recognizes the age of [Appellee], [Appellee]'s vision problems, and the charge to which he has entered a plea indicates a negligent not reckless or intentional state of mind.

> The [c]ourt also recognizes and now determines that [the victim] as the aggressor in starting a fight with Mr. Hunyady and that actions of [Appellee] amount to at least an imperfect defense of others.

(N.T. Sentencing, 10/3/19, at 21-22).

Here, the court failed to order restitution in an amount that would fully reimburse VCAP for the amount it paid the victim for his medical bills. **See** 18 Pa.C.S.A. § 1106(c)(1)(i). Although VCAP paid $10,686.26 to the victim, the court ordered Appellee to pay only $3,000.00 to VCAP, which is approximately one-third of the total VCAP award. Significantly, neither Appellee nor the Commonwealth disputed the amount that VCAP paid. Our legislature intended that a defendant fully reimburse any government agency, including VCAP, which provided funds to the victim. **See Brown, supra**.

Although the court mentioned some reasons why it was reducing the amount of restitution sought, the award of only $3,000.00 to VCAP is speculative given the undisputed evidence establishing the amount of the victim's medical bills, which VCAP paid. **See Pleger, supra**; **Rush, supra**. Further, the court did not specify how it came up with the $6,000.00 restitution total or why it split that amount evenly between the victim and VCAP. Under these circumstances, we vacate the restitution portion of the sentencing order and remand for resentencing. Accordingly, we affirm Appellee's conviction but vacate and remand for further proceedings.

Conviction affirmed. Judgment of sentence vacated in part. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/29/2021